[No. 116.   Decided February 11, 1891.]
ALEXANDER McLEOD v. I. C. ELLIS.

VENUE—LOCAL AND TRANSITORY ACTIONS—CONVERSION OF TREES
—ERRONEOUS INSTRUCTIONS.

The provision of § 50, Code of 1881, permitting trial in the county where an action is commenced, although not the proper county, unless the defendant files an affidavit of merits and demands that the trial be had in the proper county, applies only to transitory actions, and not to such as are local in their nature, and consequently actions for injuries to real property must be tried in the county or district where the real property lies.

The term "district," as used in § 47 of the Code of 1881, refers only to districts composed of two or more counties joined for jurisdictional purposes, where sessions of court are held in but one of the counties.

In an action for the wrongful conversion of trees, which was not commenced nor tried in the county where the land was situated, a paragraph of the complaint, based upon § 602 of the code, relating to trespass upon land, and claiming treble damages thereunder, may be rejected as surplusage, and the action treated as merely one of conversion, for the purpose of sustaining the jurisdiction of the court.

An instruction that in a case where treble damages could be awarded under § 602, the jury could themselves assess the treble damages, is erroneous, as it is the province of the court, after the jury has assessed actual damages, to treble the damages in its judgment; nor can such erroneous instruction be regarded as harmless, where the jury awarded a certain amount as "single damages," as some of the jurors may have agreed to a large verdict for "single damages," if other jurors consented to waive their view that the damages should be treble.

*Appeal from Superior Court, Thurston County.*

Action by I. C. Ellis against Alexander McLeod, for the conversion of trees, commenced in the territorial court for the second judicial district of Washington Territory, holding terms at Olympia, in Thurston county. Both Pierce county, where the land was located upon which the trees had been cut and carried away, and Thurston county,

where both parties to the suit resided, were portions of the second judicial district of Washington Territory. Prior to the joinder of issues and trial of the cause, the territory had been admitted to the union of states. Trial in Thurston county, and verdict and judgment for plaintiff, from which defendant appeals. The facts sufficiently appear in the opinion.

*Allen & Ayer,* for appellant.

Sections 602 and 603 of the code are declaratory of the common law. As common-law trespass for injury done to real estate is a local action, the plaintiff must declare his injury to have happened in the very county and place that it really did happen, and the action could only be prosecuted in the county in which the close was situated. 2 Cooley's Blackstone, bottom page 163, and note 3; 1 Chit. Pl. 280; *Sumner v. Finegan,* 15 Mass. 280; *Putnam v. Bond,* 102 Mass. 370; *McGonigle v. Atchison,* 33 Kan. 726; Code 1881, § 47; *Wood v. Mastick,* 2 Wash. T. 69.

Section 602 of the code gives an action to the owner of the land against any person who " without lawful authority cuts down, girdles or otherwise injures or carries off any tree, timber, or shrub," etc., and authorizes the recovery of treble the amount of damages claimed or assessed for "such trespasses, or any of them." At common law, the action would be trespass *quare clausum fregit,* and the statute is a declaratory one. So being, it must be construed by that law. *Baker v. Baker,* 13 Cal. 95; *Com. v. Humphries,* 7 Mass. 242; Bish. Written Laws, p. 144. The gist of the action is an injury to the possession, and the element of force is essential (1 Chit. Pl. 195, *et seq.*), and the damage and lessening of value of the land is what the jury must assess, and for which they must find their verdict. The complaint fails to aver that the entry was " without lawful authority," and fails to make any averment of damage to the land.

*J. W. Robinson*, and *D. P. Ballard*, for appellee.

When the proper parties are before the court it is not necessary that the *res* be within the court's jurisdiction. *Barrell v. Root*, 40 N. Y. 498; *Phelps v. McDonald*, 9 Otto, 308, and authorities cited; *Miller v. Sherry*, 2 Wall. 239, and cases there cited.

The opinion of the court was delivered by

Stiles, J. — This action was commenced in the territorial district court held in Thurston county, for treble damages, upon a complaint containing the following allegations:

"(1) That between January 1 and September 1, 1889, the defendant entered upon the south half and the northeast quarter of the northeast quarter of section 33, in township 21 north, range 1 west of the Willamette meridian, in the state of Washington, being situated in the county of Pierce, and owned by this plaintiff, and in his possession, and did then and there, without leave of plaintiff, cut down, remove, dispose of, and convert to his own use the proceeds thereof, about ———— trees, containing fourteen hundred thousand feet of lumber, of the value of four thousand two hundred dollars. (2) That by reason of said removal and conversion the said defendant became and is indebted to plaintiff in the full sum of four thousand two hundred dollars, no part of which has been paid; and defendant has refused and does now refuse to pay the same or any portion thereof. (3) That by force of section 602 of the Code of Washington, defendant became and is liable to plaintiff in the full sum of twelve thousand six hundred dollars."

The land upon which the acts complained of were committed was in Pierce county. The defendant's demurrer to the jurisdiction of the court, for the reason that the action was not commenced in the proper county, was overruled, and the cause proceeded to judgment.

The code, both by its express terms and by inferential provisions, seeks to reduce every private wrong to a dead

level, so far as pleading is concerned, so that a complaint
containing a plain statement of facts serves to lay the cause
of action before the court, no matter what may have there-
tofore been the technical form or name of the remedy.
Accordingly, chapter 49, "Of Waste and Trespass," was
adopted in furtherance of the general plan. The injuries
to land which, when committed by persons lawfully in
possession thereof, had been cognizable in the technical
action of waste, were assembled in § 601, while those in
which a stranger to the land was the wrong-doer, and which
had been cognizable in the action of trespass, were collected
and provided for in §§ 602 and 603. The common-law
remedies remained, although there made statutory, and the
nature of each action continued as before, though they are
now known as actions for injuries to real property, instead
of waste in the one case and trespass in the other. There-
fore, unless the last clause of § 50 applies as well to the
actions included in § 47 as to those included in § 48, the
Thurston district court had no jurisdiction of the cause if
it was one for injuries to land. Section 47 pointedly says
that actions for injuries to real property shall be commenced
in the "county or district" in which the subject of the
action, or some part thereof, is situated. If commenced
there, they must be tried there, unless removed for reasons
sufficient under § 51. But appellee contends that the last
clause of § 50 shows that the requirement that these actions
be commenced in the particular county or district is merely
directory, and that, unless the defendant moves in the man-
ner provided therein, the trial may be had in any county
or district selected by the plaintiff. It is agreed that no
affidavit of merits, and no demand for a trial in Pierce
county, were made. We cannot agree with this contention,
however. There is a marked difference between the lan-
guage of § 47 and §§ 48 and 50. The former refers to a
peculiar class of actions which were always local, while the

latter only includes actions which were always transitory. The first named says the actions specified must be commenced in certain counties or districts, while the others only require the trial to be in the county or district where the property is or the defendant resides, as the case may be. Coming in the connection where it is, and in view of the difference in language, we are constrained to hold that the last clause of § 50 does not apply to the actions enumerated in § 47.

Still another objection is raised, however, namely, that section 47 does not absolutely require actions for injuries to real property to be commenced in the county where the subject of the action is situated, but extends the jurisdiction to the whole judicial district, which, in this instance, included both Pierce and Thurston, as well as many other counties; and, if that position is correct, the Thurston county court was fully authorized to entertain the action. But we are not satisfied that the term "district," as used in section 47, has the meaning claimed for it. The four judicial districts formerly existing under the territorial *regime* were merely divisions of the territory for the assignment of the judges, and for some purposes of United States jurisdiction. No jurisdiction of matters cognizable under the territorial laws merely was based upon those districts. Here, as in the states, counties were the units of jurisdiction, and to them reference was made when any action was spoken of as "local" as distinguished from one which was "transitory." But not every county had the privilege of sessions of the courts within its limits, and where two or more counties were joined for jurisdictional purposes they constituted a "district" in the sense in which the word was used in § 47, and action for injuries to real property could be commenced in the court of such a district only. The case of *Wood v. Mastick*, 2 Wash. T. 69, in a few words, announced the same conclusion here expressed.

Under the construction thus adopted, were we to hold further that the action was one for injuries to the realty, the judgment would necessarily be reversed, and the action dismissed for want of jurisdiction in the court below. But the appellee contends, and, on the whole, we conclude, rightly, that his action was one for the value of his trees as personalty merely, without any claim for injury to the land. The complaint was apparently drawn under the impression in the mind of the pleader that § 602 allowed treble damages for such a conversion, and the court below seems to have taken that view. To sustain that interpretation and secure that measure of damages, the complaint, in its third paragraph, alleged the conclusion "that by force of § 602 of the Code of Washington defendant became and is liable to the plaintiff in the full sum of twelve thousand six hundred dollars," which amount was three times the alleged damage, and the prayer was accordingly. The second paragraph was entirely impertinent to a complaint for injuries to land under § 602, and so was the allegation in the first paragraph, that the trees cut contained 1,400,000 feet of lumber, of the value of $4,200, since the necessary and proper allegations of such a complaint were merely that certain trees had been cut down to plaintiff's damage. But if we allow paragraph 2 to stand, by which it was alleged "that by reason of the said removal and conversion [alluding to the trees, the quantity of lumber and the value] the said defendant became and is indebted to plaintiff in the full sum of $4,200, no part of which has been paid," etc.; and if we entirely reject paragraph 3 as surplusage, there is a faulty, but still sufficient, complaint for a wrongful conversion of the trees. We confess that in so holding, however, we have extended the liberality allowable in favor of pleadings to its furthest limit, being constrained thereto in part by the rules in favor of jurisdiction.

The judgment must be reversed, however, for the court

charged the jury erroneously in two respects. In the *first* place, the jury were told that this was a case wherein treble damages could be awarded under § 602, unless the taking was casual or involuntary, etc., and, *secondly*, that the jury could themselves assess the treble damages. Neither of these instructions was correct. We have already shown why the main charge was wrong; but, even if there had been a case for treble damages the province of the jury, under the statute, went no further than to assess the actual damage, and find whether it was willful or excusable, leaving it to the court to treble the damages in its judgment. See § 602. The jury in this case awarded a certain amount, "single damages," which appellee claims shows appellant not, in any event, to have been injured by the court's charge. But it will not do to presume no injury in a case where the whole charge was so clearly erroneous, based, as it was, on an altogether wrong theory of the case. Jurors, under the charge, might well have agreed to a larger verdict for "single damages," other jurors consenting to waive their view that the damages should be treble, and thus no just verdict would have been found.

The cause must go back for a new trial, wherein the measure of damages will be the value of the trees at the instant when they first became severed from the real estate, without further manipulation. See 4 Am. & Eng. Enc. Law, p. 123, and cases cited. The plaintiff will have leave to amend his complaint, if he desires. Cause remanded; costs to appellant.

Anders, C. J., and Dunbar and Scott, JJ., concur.

Hoyt, J. (*concurring*). — I agree with the majority of the court that the judgment should be reversed. But I cannot thus agree as to the disposition of the case. I think that the plaintiff, having specifically stated in his complaint

that he brought his action on a certain section of the code, and claimed damages thereunder, should be bound by such statement, and that therefore the cause of action stated in the complaint in this suit was one of damage to lands, and should have been brought in Pierce county, and that the court below should be directed to dismiss the action.