[No. 646. Decided August 3, 1892.]

THE CITY OF NORTH YAKIMA, *on the Relation of Edwin Whitson*, v. THE SUPERIOR COURT OF KING COUNTY AND THE HONORABLE I. J. LICHTENBERG, *Judge of said Court.*

JURISDICTION—LOCAL ACTIONS—TITLE TO PERSONALITY—MUNICIPAL COR-
PORATIONS—PROHIBITION.

A suit to enjoin a city from applying its sewerage fund to any purpose until the claims of plaintiff for the construction of a system of sewerage for said city have been adjusted and paid, is a local action, under Code Proc., § 158, providing that all questions involving the right to the possession or title to any specific article of personal property, are local.

Municipal corporations are subject to suit only in the county in which they are situated.

Where a court attempts to proceed in an action wherein it has jurisdiction neither of the subject matter, nor of the person of the defendant, the party against whom such a proceeding is had is entitled to a writ of prohibition.

*Original Application for Prohibition.*

*J. B. Reavis,* and *Edward Whitson,* for relator.

*Frank H. Rudkin,* and *Burke, Shepard & Woods,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—By this proceeding, petitioner seeks to prohibit the superior court of King county from proceeding in a certain action therein pending against the city of North Yakima, on the ground that said court has no jurisdiction. Some questions are raised as to the regularity of the issuance and service of the alternative writ, but, in our opinion, the questions thus presented are not of sufficient importance to require special consideration at our hands, or to prevent a hearing upon the merits.

The jurisdiction of the court below to proceed in the cause therein pending, is attacked upon two grounds: (1) That the court has no jurisdiction of the subject matter of the action; and (2) that it has no jurisdiction of the person of the defendant. The object sought by such suit is to prevent the defendant from applying a certain fund belonging to it, and on deposit in the First National Bank of North Yakima, to any other purpose than that for which it is alleged to have been created, until the claims of the plaintiff growing out of his connection with the construction of a system of sewerage for said city have been adjusted and paid. In his complaint he alleges that it is his intention to bring an action at law against said city growing out of such matters, and he seeks to enjoin said city from using said fund until he can prosecute such action to final determination.

Is a suit of this nature transitory or local? Sec. 158, Code Proc., provides, among other things, that all questions involving the right to the possession or title to any specific article of personal property is local. It is contended on the part of the petitioner that this provision covers said action. That the object of said suit is to determine the *status* of a specific fund which is, within the meaning of said statute, a specific article of personal property. On the other hand, it is contended by the respond-

ent that the action in no manner seeks to determine the title or right to the possession of such fund. He says that he concedes the title of the fund to be in the city of North Yakima, and only seeks to have it preserved intact until it can be ascertained whether or not it is necessary that it should be applied to his use under his said contract. We think the position of the petitioner is correct. We see no reason why a specific fund does not come within the spirit and meaning of the provisions of § 158, above quoted, and we are unable to agree with the respondent that the object of said suit is not to substantially determine the *status* of said fund. It is true the complaint states that such fund is subject to the order of the treasurer of the city, but it alleges, and seeks to have the court hold, that he can only rightfully pay out such fund in accordance with the terms of the contract above referred to. If the allegations of his complaint are established, the result will be to invest the plaintiff with the beneficial title to such fund, so far, at least, as it is necessary to the payment of any amount which may be due to him under his contract. This, if controverted on the part of the city, would raise a direct issue as to the beneficial title to this fund. The technical legal title may have been conceded to be in the city by such complaint, but the beneficial title was certainly claimed therein for the plaintiff. We think the complaint fully shows that the object thereof was within the meaning of the provisions above quoted to determine the title and right to the possession of such special fund. From which it follows that the action was local, and that the superior court of King county had no jurisdiction of the subject matter thereof.

The second question, presented as above stated, is one of great importance, and in the brief time in which we have thought it was proper for us to hold an action of this kind under advisement we have been unable to examine it as

fully as we could have wished.  If the contention of the
respondent is to be sustained by the courts, and municipal
·corporations be held subject to suit in the superior court of
·any county of the state, it will lead to such inconvenience
·and injury to such corporations as to seriously embarrass
·the conduct of their affairs.   And we would only be justi-
fied in so holding when we are satisfied that such was the
·law of the case beyond any question.   From the examina-
·tion that we have been able to give the matter we are not
-thus satisfied.   On the contrary it seems reasonably clear
·that such corporations are only subject to be sued in the
· county in which they are situated.   Counsel for respondent
·urges that by virtue of the provisions of § 672, Code Proc.,
. such corporations are made subject to suit the same as
-natural persons.   This is doubtless true so far as the ques-
tion of any party having the right to seek relief in the
·courts as against them, but in our opinion such section has
-no bearing upon the question under consideration.   We
. cannot see any indication therein of the intention of the
legislature to legislate in regard to the forum in which
· actions therein authorized may be maintained.   In our
opinion § 160, Code Proc., must be held to govern the
venue of actions of this kind.   Or else it must be held
·that there is no legislation in this state upon the sub-
. ject.   We are inclined to believe the latter proposition
to be correct.   It seems to us that the reasonable con-
struction of said § 160 is as contended for by the respond-
ent, and that it does not warrant the position taken by
the petitioner.   If there is no statute upon the subject
the rule at common law must prevail.   That the rule at
common law made such corporations suable only in the
courts of the county in which they were situated is con-
ceded by the respondent.   He claims, however, that it was
not on account of the character of such corporations that
such rule prevailed but on account of the extent of

the jurisdiction of the courts as then constituted.   His argument in that behalf being that it was because the courts had no jurisdiction out of their respective counties, and no way of serving process excepting therein, that the rule was established that persons or corporations having a definite and settled *situs* could only be sued in the county of such *situs*.   There is much force in this argument, but we are not satisfied upon such reasoning to establish a rule of law which will lead to the inconvenient results above indicated.   From what we have said it will be seen that without the aid of any authority whatever we should be inclined to hold that a municipal corporation could not, in any ordinary case, be sued out of the county in which it is situated.   Fortunately, however, we are not without authority upon this question.   Three cases from Pennsylvania are cited by the petitioner in support of its contention that the rule at common law was as contended for by it. These cases are criticised by counsel for respondent, and it is claimed by him that they are not in point.   He says in his argument that the reasons given by the courts, for deciding as they did in those cases, are the same that existed in England under the common law, that is, that the courts were local, and not that the corporations themselves could not be sued outside of the county if a court could be found whose jurisdiction and process extended over the county in which such corporations were situated.   These criticisms are to a certain extent justified by the argument of the courts in said cases.   But we think such opinions, when construed as a whole, show clearly that the court had in mind, in laying down the rule therein established, more than the simple question of the nature of the courts in which the actions were brought.   Our examination of said cases satisfies us that the court intended to hold and did hold that such corporations could only be sued outside of the county wherein they were situated by express legisla-

tive provision. In other words it held that the general provisions authorizing such corporations to be sued do not change the rule which it found to exist at common law that the suits thus authorized to be brought must be waged in the county in which the corporations were situated. See *Lehigh County v. Kleckner*, 5 Watts & S. 181; *Oil City v. McAboy*, 74 Pa. St. 250; *Heckscher v. City of Philadelphia* (Pa., May 2, 1887), 9 Atl. Rep. 281.

A large number of other cases have been cited by petitioner which tend more or less strongly to sustain its contention that such corporation cannot be sued out of its county. But one case directly in point has been cited by respondent to establish the contrary doctrine. That was the case of *Clarke v. Lyon County*, 8 Nev. 185. This case seems to fully support the contention of the respondent. But it must be remembered, in determining the force which should be given thereto as an authority, that the Nevada courts largely follow the rule of decisions in the courts of California, and in those courts it has been held that an action, however local, would not be dismissed for want of jurisdiction when commenced outside of the proper county. Such courts have uniformly held that under such circumstances the only remedy of the defendant was by change of venue. With such a ruling as a basis for its action, the argument of the Nevada court could well be sustained. In this state, however, the rule as to the commencement of suits purely local is entirely different; here it is held that such suits must be commenced in the proper county, and that if they are commenced in any other they will be dismissed, on motion, for want of jurisdiction. We are constrained to follow what we think to be the rule established in Pennsylvania. It follows that the superior court of King county had no jurisdiction of the person of the defendant.

Some attempt is made in the argument of the respondent to show that there had been such an appearance and waiver of its rights on the part of the defendant in said action as to estop it from asserting its rights in this proceeding, but we are unable to agree with his contention in this regard. We think the proceedings, fairly construed, show that from the first the defendant in said action objected to the jurisdiction of the court, and has been constantly objecting thereto. It follows that the superior court of King county is attempting to proceed in an action wherein it has neither jurisdiction of the subject matter nor of the person of the defendant, and in such case the party against whom such a proceeding is had is clearly entitled to the writ of prohibition.

The writ must issue as prayed for in the petition.

STILES and SCOTT, JJ., concur.

ANDERS, C. J., concurs in the result.

DUNBAR, J.—I concur in the result for the reason that there seems to be no adequate remedy by appeal.