[No. 798.   Decided January 31, 1893.]

THE STATE OF WASHINGTON, *on the relation of J. S. Peterson,* v. THE SUPERIOR COURT OF PIERCE COUNTY AND F. CAMPBELL, *Judge, Respondents.*

PROPERTY LEVIED ON—TRIAL OF TITLE—VENUE.

Where property seized by the sheriff under execution or attachment against a debtor is claimed by a third person, who files his affidavit and bond as required by Code 1881, ch. 33, such proceeding is a new and independent action which must be placed upon the trial docket of the court in the county where the property was seized, and the court of no other county has jurisdiction of the subject matter of the action.

*Original Application for Prohibition.*

*Fred. H. Peterson,* and *John H. Elder,* for relator.
*Tripp, Town, Likens & Dillon,* for respondent.

The opinion of the court was delivered by

STILES, J.—The relator's petition shows that about June 1, 1890, one H. T. Wright commenced an action in the superior court of King county against one Thomas Johnson, which cause was docketed in that court as cause number 3904, and a writ of attachment was issued in the action and directed to the sheriff of Mason county; and on June

15, 1890, the sheriff levied upon personal property at Detroit, in Mason county, as the property of the attachment debtor, and made his return accordingly.

A few days later the relator J. S. Peterson made the affidavit and bond required of third persons claiming property seized by an officer under attachment, in compliance with chapter 33 of the Code of 1881. Relator appeared before the superior court of Mason county at the next succeeding session, in October, 1890, to make good his title to the property claimed by him, but the case made by the affidavit was not upon the docket of that court, nor could the affidavit or bond be found among the records of the court.

The next that was heard of the matter was in May, 1892, when the relator was notified by counsel for the attachment plaintiff that the action based upon said affidavit and bond would be called up for final disposition in the superior court of Pierce county on the 28th day of that month. Respondent thereupon appeared in the superior court of Pierce county, and interposed a plea to the jurisdiction of that court, on the ground that under the statute it had no authority to take cognizance of the issues raised by the affidavit. The court overruled the plea and set the cause for trial, and this proceeding is brought to prohibit that court from trying the cause.

Upon the return to the alternative writ which was heretofore issued, we find no material matter presented in addition to that contained in the relator's petition. It seems that after the plea to the jurisdiction had been overruled, the case was set for trial, and the relator made a motion for continuance, which was granted; and it is claimed that this should be taken as a yielding on the part of the relator to the jurisdiction of the court. It is also maintained that it was the duty of the relator to move for a transfer of the cause to Mason county, but in the view we take of the mat-

ter neither of these points should be allowed any force. Under the statute, when the relator filed his affidavit and bond with the sheriff, it was the duty of the officer to return these papers to the clerk of the county in which the property was seized, and not elsewhere. The further provisions of the statute are that the clerk is to place the cause upon the trial docket of the court of his county at the next term, the person claiming the property is to be plaintiff and the sheriff and the plaintiff in attachment are to be defendants. This is a new and independent action, and the provisions of the statute requiring the papers to be filed in the county where the property was seized is equivalent to that clause of § 47 of the Code of 1881 which requires that all questions involving the right to the possession of, or title to, any specific article of personal property shall be commenced in the county in which the subject of the action is situated.

It was held in *McLeod v. Ellis*, 2 Wash. 117 (26 Pac. Rep. 76), that the commencement of such actions in the county where the property is situated is mandatory, and that if not commenced in the proper county the court acquires no jurisdiction. So in this case we hold that the superior court had no jurisdiction of the subject matter of this action, and is, therefore, without power to try and determine it.

It follows that the writ must be made peremptory, and it is so ordered.

ANDERS, HOYT and SCOTT, JJ., concur.

DUNBAR, C. J.—I dissent, for the reason that there was a remedy by appeal, and in such case the writ should not be invoked.