[No. 1974.  Decided December 5, 1895.]

The State of Washington, *on the Relation of* John Collins, v. The Superior Court of Snohomish County *et al.*

ACTIONS — WHETHER LOCAL OR TRANSITORY — SPECIFIC PERFORMANCE
AND PARTITION.

An action in which the plaintiff seeks to compel the performance of a contract to convey an undivided interest in certain lands, to have several conveyances made by some of the defendants to others set aside, and for a partition of the lands, and, if specific performance cannot be decreed, asking that the moneys advanced thereon be declared a lien upon the lands, renders the action a local one under the statutes of this state.  (Dunbar, J., dissents).

*Original Application for Mandamus.*

*Struve, Allen, Hughes & McMicken,* for relator.

*A. D. Warner, Stratton, Lewis & Gilman,* and *Donworth & Howe,* for respondents.

The opinion of the court was delivered by

Scott, J. — This is a proceeding in mandamus whereby the relator seeks to compel the respondent to assume jurisdiction of and proceed with the trial of a cause commenced by the relator in said superior ·court of Snohomish county against certain parties defendant, in whose behalf the relator's right· to the issuance of the writ is contested.  The point· to be determined is whether the action is a local or a transitory one. ·It is conceded that, if the action is a local one, the writ should issue, and, if otherwise, it should be denied.

The respondents contend that the action is simply one for a specific performance of a contract to convey real estate, and is therefore transitory in character.

An examination of the complaint, however, satisfies us that the action is something more than one for a specific performance, for the relator in said action not only seeks to compel the performance of a contract to convey an undivided interest in certain lands to him, that was entered into between the relator and certain of the defendants, but he also seeks to have several conveyances made by said defendants to some of the other defendants set aside, in so far as the same affect his claimed interest in the lands, on the ground that they were made with notice of, and subject to, his rights therein.   He also asks for a partition of the lands, and further, that, if for any reason, the court can not decree a specific performance of the contract, then that the several sums advanced by the relator and his assignors to the contracting defendants aforesaid be declared a lien upon the lands in controversy.   This makes something more than an action for a specific performance of a contract to convey lands.   The request for a partition of the lands, and if a specific performance of the contract cannot be decreed, that the relator be adjudged to have a mortgage lien thereon, clearly make the action a local one under the statutes of this state, and it was properly brought in the superior court of Snohomish county.

The relator has also asked a further consideration by us of the question as to whether an action for a specific performance of a contract to convey real estate is a local or a transitory action, the relator maintaining that such an action is a local one and must be brought in the county where the lands are situated.   Under the circumstances of this case, we do not think it is necessary to enter upon any further examination of that question, as the other features

above mentioned of the present action make it unquestionably a local one.

Let the writ issue as prayed for.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.

DUNBAR, J. (*dissenting*).—Believing the action to be in substance an action to enforce specific performance, I think the writ should be denied. I therefore dissent.