[No. 6916. Decided November 1, 1907.]

WM. W. SEYMOUR, *Respondent*, v. G. A. LaFURGEY, *Appellant*.[1]

VENUE—LOCAL ACTIONS—REMOVAL OF TIMBER. An action to rescind a contract for the removal of standing timber is local, and a change of venue to the county of defendant's residence is properly denied.

INJUNCTIONS—TEMPORARY—TO PREVENT WASTE—REMOVAL OF TIMBER. The granting of a temporary injunction against the removal of standing timber, is discretionary, where the plaintiff contends that it is necessary to save the property from waste.

[1]Reported in 92 Pac. 267.

Appeal from an order of the superior court for Mason county, Linn, J., entered March 27, 1907, granting a tempo rary injunction against the removal of timber, after overruling a motion for a change of venue. Affirmed.

*Eugene Carr* and *N. Soderberg*, for appellant.
*Frank D. Nash*, for respondent.

Root, J.—This is an appeal from an order granting an injunction *pendente lite* against appellant's removing timber or property from certain premises. Appellant and respondent entered into a contract, whereby appellant purchased and agreed to remove certain standing timber from respondent's land situated in Mason county, and respondent permitted appellant to use a logging outfit situate upon said premises. Respondent, in his complaint, alleged that the defendant had violated the terms of the contract in many particulars, and brought his action to have said contract determined to be at an end, and for possession of the premises and property leased by said contract. Appellant appeared with a demurrer, and an affidavit and motion for change of venue to Pierce county, setting forth that he was a resident of that county. The trial court denied his motion, and this ruling is alleged as error. Subsequently another motion for a change of venue was made, upon the ground that most of the witnesses lived in Pierce county, and that for this and other reasons it would be much more convenient and less expensive to have the trial in said county. This motion was also denied.

It is urged by appellant that this is a transitory action and consequently not necessary to be tried in the county where the property is situated· We do not think this contention can be upheld. Logging contracts of this character certainly affect very materially the lands upon which the timber is growing. They contemplate that the person removing the timber must take possession of the land and use it while cutting and taking off such timber. It is the policy of our law that all transac-

tions affecting the title to real estate shall be matters of record in the county where such real estate is situated, so that any one concerned therewith may be informed as to the condition of its title by an examination of the public records in such county. We think that this contract affected the title to, and interests in, these lands in such a manner as to make an action for its forfeiture local in its character. Consequently the action would be properly brought and tried in Mason county.

As to the equities upon which the motion for temporary injunction was granted, there was considerable conflict in the contentions of the respective parties. We think, however, that the showing made by the plaintiff was sufficient to justify the trial court in making the order which it did. The statutes allow the trial court, in cases of this kind, much discretion in the matter of protecting the rights of all parties concerned during the pendency of an action. If the contentions of the respondent as to the conduct of the appellant were true, such a restraining order was certainly necessary to protect and save the property from waste and himself from serious loss. If these complaints should be found to be without cause, proper reparation could be made in the final disposition of the case, or otherwise.

Finding no error in the record, the judgment of the trial court is affirmed.

HADLEY, C. J., RUDKIN, FULLERTON, DUNBAR, CROW, and MOUNT, JJ., concur.