[No. 15606.   Department One.   December 3, 1919.]

THE STATE OF WASHINGTON, *on the Relation of Lars Christensen, Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Ernest M. Card, Judge, et al., Defendants.*[1]

COURTS (3, 5) — VENUE (4, 5) — SITUATION OF PERSONAL PROPERTY. Any superior court of the state has general jurisdiction over the subject-matter of an action to foreclose a lien for the construction of a ship, regardless of the situs of the ship, and notwithstanding Rem. Code, § 204, provides that actions involving the title to any specific personal property shall be commenced in the county in which the property is situated; since the venue may be changed by consent, or the objection waived by a general appearance.

APPEARANCE (5)—EFFECT—JURISDICTION ACQUIRED. In an action to foreclose liens upon a ship, brought in the wrong county, a general appearance and participation in a trial without objecting to the venue precludes any right to question the court's jurisdiction and creates the same situation as though the party had consented to a change of venue.

Application filed in the supreme court October 16, 1919, for a writ of prohibition to prohibit the superior court for Pierce county, Card, J., from further proceeding with a cause. Denied.

*Christopher Jacobsen,* for relator.

*W. H. Abel,* for defendants.

PARKER, J.—The relator, Christensen, by his original application in this court, seeks a writ of prohibition directed against the superior court for Pierce county and the receiver appointed in an action therein pending against relator, prohibiting further proceedings in that action; relator resting his claim of right to such writ upon the ground that the superior court for Pierce county has proceeded, and is proceeding, in the action without jurisdiction.

[1]Reported in 185 Pac. 623.

The controlling facts appearing in the record before us may be summarized as follows: On May 23, 1919, the Eureka Cedar Lumber & Shingle Company commenced an action in the superior court for Pierce county under Rem. Code, §§ 1182, 1183, against the Martinolich Shipbuilding Company and Lars Christensen, this relator, seeking foreclosure of its claim of lien upon two uncompleted vessels, for the construction of which it had furnished material. The shipbuilding company, prior to and at the time of the commencement of the action, was constructing the vessels at its shipbuilding plant in King county, for Christensen as the owner, where the ships were in its possession until the possession thereof was taken by the receiver appointed in the action, since which time they have remained in the possession of the receiver at the same place. Both the shipbuilding company and Christensen appeared generally in the action, and thereafter the case proceeded regularly to trial in the superior court for Pierce county upon the merits, not only for the determination of the lien rights asserted by the Eureka Cedar Lumber & Shingle Company, but also for the determination of the lien rights asserted by numerous other claimants, who became interveners in the action. Christensen appeared and participated by counsel in the trial of the case, resisting the claims asserted by the plaintiff and interveners upon the merits, without making any objections of any nature whatsoever to the jurisdiction of the superior court for Pierce county, until at the close of the trial, after the introduction of all the evidence in behalf of all the parties, when counsel for Christensen moved the court for an order and judgment of dismissal of the action upon the ground, among others, that the vessels against which the liens were sought to be foreclosed were,

and had been at all times, situated in King county, and that, therefore, the superior court for Pierce county was without jurisdiction of the subject-matter of the action. This motion was by the court denied, and thereupon, the case being argued upon the merits, judgment of foreclosure was rendered in favor of the Eureka Cedar Lumber & Shingle Company and the interveners, the court embodying in its judgment an order of sale of the vessels to satisfy the several lien claims. That action had reached this stage when this proceeding was commenced in this court.

Counsel for relator, Christensen, invoked the provisions of Rem. Code, § 204, reading as follows:

"Actions for the following causes shall be commenced in the county in which the subject of the action, or some portion thereof, is situated:—

"(1) For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title or for any injuries to real property;

"(2) All questions involving the rights to possession or title to any specific article of personal property; in which last mentioned class of cases damages may also be awarded for the detention and for injury to such personal property."

It is contended that subdivision 2 of this section has the effect of vesting in the superior court for King county exclusive jurisdiction of the subject-matter of the foreclosure of these lien claims, because of the location of the vessels in that county. We understand counsel for Christensen to mean that the jurisdiction of the subject-matter of the action is exclusively in the superior court for King county, because of the location of the vessels therein, to the exclusion of every other superior court of the state, in the broad sense that no other superior court of the state could,

under any circumstances, rightfully entertain jurisdiction over the subject-matter of the action, even by consent of the parties thereto. This, in any event, is the real contention that would have to be successfully maintained in behalf of Christensen before the jurisdiction of the superior court for Pierce county could be ousted in the case. It is not a question of any want of jurisdiction over the person of Christensen as a party to the action for want of process, since manifestly that was consented to by him, as evidenced by his general appearance, and by his participation in the trial of the action upon the merits without any objection being made in his behalf as to the manner in which he was brought into the action as a defendant.

Our problem then is, Has each superior court of the several counties of the state jurisdiction over the subject-matter of the foreclosure of liens of this nature, regardless of the particular location within the state of the vessels against which such foreclosure may be sought? We are not here concerned with the question of the acquiring of jurisdiction by a superior court by process or otherwise in a particular pending action, but are concerned with that jurisdiction which the court possesses over the subject-matter, speaking generally, and without reference to any particular pending action. Now, manifestly, there are circumstances under which the action here in question would be determinable in the superior court for Pierce county. This might be done by consent of all the parties thereto by agreeing upon a change of venue of the action from the superior court for King county, had it been commenced in the superior court for that county and jurisdiction of the persons of the parties to the action acquired by that court. This would be true, even conceding that the action be as purely local, as distinguished from tran-

sitory, as an action to foreclose a mortgage upon real property, for, even in such an action, a change of venue may be granted either for cause or by consent of the parties to such action. Rem. Code, §§ 208, 209, 216; *State ex rel. Schwabacher Bros. & Co. v. Superior Court*, 61 Wash. 681, 112 Pac. 927, Ann. Cas. 1912C 814; *State ex rel. Howell v. Superior Court*, 82 Wash. 356; *Shedden v. Sylvester*, 88 Wash. 348, 153 Pac. 1. How, then, can it be said, with any show of reason, that the superior court for Pierce county has not jurisdiction over the subject-matter of the action in that broad sense that it has power to hear and determine such an action? Manifestly the superior court for Pierce county does have jurisdiction over the subject-matter of such an action, otherwise it would have no power to hear and determine the same when transferred to it, either for cause or by consent of the parties, from the superior court of the county within which the vessels sought to be foreclosed against are situated. It seems plain to us that, when Christensen entered his general appearance in the action in the superior court for Pierce county, and participated in the trial thereof upon the merits, without in any manner questioning the jurisdiction of that court to hear and determine the cause until the conclusion of the trial, and without asking that the case be transferred to the superior court for King county, he placed himself in the same position, so far as his right to question the court's jurisdiction is concerned, as if the action had been commenced in King county and by his consent transferred for trial to Pierce county. Plainly the action involved a subject-matter within the jurisdiction of every superior court in this state. Whether or not it was properly brought in the superior court for Pierce county in the first instance, and whether or not Christensen had the right to have it tried in the

superior court for King county, are not questions upon which Christensen, at this time, is entitled to be heard.

The writ is denied.

HOLCOMB, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.