[No. 19452.  *En Banc.*  August 18, 1926.]

MARIE CARTWRIGHT, *Appellant,* v. JOHN G. KULZER, *et al., Respondents.*[1]

[1] COURTS (6)—VENUE (24)—JURISDICTION—MODE OF ACQUIRING—FILING COMPLAINT. Where a local action is commenced against an individual in the wrong county, and defendant, claiming that the court had no jurisdiction, demurred and moved to quash for that reason, and upon the motion to quash being overruled, moved for and obtained a change of venue to the proper county, and thereby caused the complaint to be filed in that county, he cannot complain thereafter that the action, by such filing, had not been properly commenced in that county; as such filing was the commencement of an action in the proper county, and the court acquired jurisdiction thereby, notwithstanding the original attempt to file and commence the action in the wrong county (TOLMAN, C. J., and MACKINTOSH J., dissenting).

Appeal from a judgment of the superior court for Stevens county, Gilliam, J., entered May 26, 1925, in favor of the defendants, dismissing an action for the protection of water rights. Reversed.

*O. C. Moore,* for appellant.

*Wentz & Bailey* and *Albert I. Kulzer,* for respondents.

MITCHELL, J.—Plaintiff began this action in the superior court for Spokane county, by the service of summons on the defendants and the filing of her complaint in that court, to establish and protect certain alleged water rights appurtenant to lands in Stevens county. All of the parties to the action were residents of Stevens county. Defendants appeared in the action by special appearance and motion to quash based upon the claim of want of jurisdiction; and, at the same time and subject to the motion just mentioned, they filed a

[1]Reported in 248 Pac. 419.

motion for a change of venue to Stevens county, supported by their affidavit to the effect that they were residents of Stevens county and that the subject-matter of the action was local to that county, and at the same time, subject to their objection to the jurisdiction of the court, they filed a demurrer to the complaint based upon a lack of jurisdiction of the persons of the defendants and of the subject-matter of the action.

The motion to quash was denied. The motion for change of venue was granted, and the action accordingly transferred to Stevens county for further proceedings. Thereafter, in the superior court of Stevens county, a demurrer on the part of the defendants to the complaint was presented to the court, considered, and sustained on the ground of lack of jurisdiction. A judgment of dismissal was entered from which the plaintiff has appealed.

[1] Several assignments of errors are presented, but, in our opinion, only one is necessary to be discussed, and that is that the superior court of Stevens county committed error in sustaining the demurrer on the ground of lack of jurisdiction. To sustain the ruling, it is argued on behalf of the respondents that, as the action was brought for the determination of questions affecting title to real property in Stevens county, it should have been commenced in that county, under Rem. Comp. Stat., § 204 [P. C. § 8541], that the superior court of Spokane county, in which the action was commenced or attempted to be commenced, had no jurisdiction of the subject-matter of this particular real property, and that its order, changing the venue to Stevens county, was wholly ineffective to give the superior court for that county jurisdiction of the subject-matter of that particular real estate.

We may examine the cases relied on by counsel in support of their argument, as follows: The case of

*McLeod v. Ellis,* 2 Wash. 117, 26 Pac. 76, was one in
which it was held (not necessary to the decision of that
case, however) that the commencement of an action
affecting real property in the county where the prop-
erty is situated is mandatory, and, if not so commenced,
the court acquires no jurisdiction. The appeal was
from the county in which the complaint was first filed.
No question of change of venue was involved. In
*North Yakima v. Superior Court,* 4 Wash. 655, 30 Pac.
1053, prohibition was granted against the superior
court of King county to prevent it from hearing and
determining a cause commenced in that court, the sub-
ject-matter of which action was local to Yakima county.
In *State ex rel. Peterson v. Superior Court,* 5 Wash.
639, 32 Pac. 553, it was held that, where property seized
by a sheriff under execution or attachment is claimed
by a third person, his action to recover it is a local one
and must be tried in the county where the property was
seized. No change of venue was involved. In *Hammel
v. Fidelity Mutual Aid Ass'n.,* 42 Wash. 448, 85 Pac.
35, it was held that the superior court had no jurisdic-
tion of the subject-matter of an action against a foreign
corporation commenced in a county wherein a corpora-
tion had no agent, by service upon a statutory agent in
another county. The appeal was from the superior
court in which it was first attempted to commence the
action.

In *Seymour v. LaFurgey,* 47 Wash. 450, 92 Pac.
267, the primary inquiry was whether or not the action
was transitory or local. It was held to be local and
properly brought in the county from which the ap-
peal was taken. The case of *State ex rel. Howell v.
Superior Court,* 82 Wash. 356, 144 Pac. 291, does not
appear to the writer of the present opinion to be very
clear in some respects, but certainly the respondents
can get nothing more out of it than the holding that the

court, where an action, whether local or transitory, is commenced, has power to grant a change of venue where the convenience of witnesses and the ends of justice will be forwarded by the change. The appeal was by the party resisting a change of venue. In *State ex rel. McWhorter v. Superior Court,* 112 Wash. 574, 192 Pac. 903, it was held that, under the liberality allowed in the amendment of pleadings, it was permissible to allow a more complete statement of the same cause of action showing it to be local rather than transitory as first alleged, even though the amendment had the effect of justifying the court in the exercise of discretion in denying the motion for change of venue that was good when filed, but not heard until after the amendment of the complaint. *State ex rel. Grays Harbor Commercial Co. v. Superior Court,* 118 Wash. 674, 204 Pac. 783, was a case where a private corporation had been sued in the wrong county. By proceedings in this court, the corporation sought to prohibit the superior court from further proceeding with the cause, and for an order directing it to grant a change of venue to the county of the corporation's residence. Following the doctrine of the case of *McMaster v. Advance Thresher Co.,* 10 Wash. 147, 38 Pac. 670 (reaffirmed in the recent case of *State ex rel. Seattle National Bank v. Joiner,* 138 Wash. 214, 244 Pac. 551), the superior court was prohibited from proceeding with the cause for lack of jurisdiction, and, because of its lack of jurisdiction, we refused to direct it to grant a change of venue.

None of those cases is in point here, where, if it be assumed that the action was commenced in the wrong county, not against a corporation but against individuals, a change of venue was granted to a county wherein without question the action might have been commenced; the change to that county having been granted upon the invitation or application of the defendants

who in turn objected to the jurisdiction of the county to which the change was made.

Some apparent confusion may be found in our cases, unless one keeps in mind the distinction we have made upon the subject of jurisdiction and venue as related to cases against corporations and those against others than corporations. In the case of *McMaster v. Thresher Co. supra,* and all like intervening cases, such as *Hammel v. Fidelity Mutual Aid Ass'n., supra,* and *State ex rel. Grays Harbor Commercial Co. v. Superior Court, supra,* down to and including *State ex rel. Seattle National Bank v. Joiner, supra,* we have held that the statute providing for the commencement of actions against private corporations was one of jurisdiction as distinguished from venue, provision for the latter having been made and regulated by other sections of the code covering the commencement and trial of civil actions against persons other than private corporations. This distinction was clearly pointed out in the *McMaster* case and has been consistently adhered to since then, so that any line of reasoning in those cases, or doctrine announced in them as a necessary result of that rule or distinction, can have no controlling effect in the present case, which is against individuals rather than a private corporation.

For the purposes of this case, it may be conceded that the action should have been commenced in Stevens county and not in Spokane county and that the order granting the change of venue was without any validity to give jurisdiction to the superior court in Stevens county, still the judgment appealed from must be reversed. Under our statute, one way of commencing an action is the filing of a complaint with the county clerk as clerk of the superior court. If the theory of respondents in this case is correct that the superior court of Spokane county never had any jurisdiction of

the action, then the physical act of filing the complaint in that court or clerk's office was a nullity, having no more effect for the purpose of commencing an action than if the complaint had been filed in the office of the treasurer or auditor of that county. It follows, therefore, that the only time the complaint was ever filed, having the effect of commencing an action or for any other purpose, was when it was filed in the clerk's office in Stevens county, at which time the superior court of that county acquired jurisdiction of the subject-matter of that particular action. Rem. Comp. Stat., § 238 [P. C. § 8450]. If it be contended that the statute contemplates that the filing of the complaint shall be by or on behalf of the plaintiff, the superior court of Stevens county had jurisdiction nevertheless in this case, of which the respondents cannot complain for two reasons, (1) they filed the complaint, or had it filed, and (2) the plaintiff, appellant here, adopted and affirmed the filing of the complaint and maintaining of the action in the superior court of Stevens county by appearing therein in opposition to the demurrer of the respondents that the court was without jurisdiction. At that time, the superior court of Stevens county had before it an action local to that county as well as all the parties to the action, all of whom were residents of that county. The order dismissing the action for lack of jurisdiction was erroneous.

Reversed.

Main, Fullerton, Holcomb, and Askren, JJ., concur.

Tolman, C. J. (dissenting)—While I am in sympathy with the results reached by the majority, still I am unable to concur in the opinion. It seems to me that our previous cases looking toward a contrary result have not been, by the majority, successfully distinguished, and moreover I am unalterably opposed to the adoption

of one rule for natural persons and a contrary rule for corporations, so that in actual effect corporations are granted privileges and immunities which are denied to natural persons. The whole subject should have been re-examined and a just rule laid down to be applied alike to all persons natural and artificial.

I therefore dissent.

MACKINTOSH, J., concurs with TOLMAN, C. J.