[No. 27716. Department One. October 7, 1939.]

THE STATE OF WASHINGTON, *on the Relation of G. W. Hamilton, Attorney General, Plaintiff,* v. THE SUPERIOR COURT FOR COWLITZ COUNTY, *Respondent.*[1]

*The Attorney General* and *L. C. Brodbeck, Assistant,* for relator.

*John F. McCarthy* and *Edgar P. Reid,* for respondent.

MILLARD, J.—By her deed of September 21, 1938, Mary Downing conveyed to the state of Washington a right of way for highway purposes across her land in Cowlitz county, and she received the stipulated consideration of six hundred dollars for that conveyance.

In March, 1939, Mrs. Downing instituted an action in the superior court for Cowlitz county against the state of Washington to obtain a decree canceling the above-described deed, on the ground that she was induced by the fraudulent representations of an official of the state highway department to execute that in-

[1]Reported in 94 P. (2d) 505.

strument. She further prayed that she be adjudged the owner of the strip of land in question and that defendant be required to accept her tender of the sum of six hundred dollars, the amount received by plaintiff from defendant as consideration for the challenged conveyance.

On the ground that the action is against the state of Washington and is one in equity to cancel a written instrument for fraud, hence a proceeding *in personam* and not within the purview of the proviso of the statute (Rem. Rev. Stat., § 886 [P. C. § 6260]) fixing the venue of actions against the state as the superior court for Thurston county, the state of Washington filed in this court its petition for a writ of prohibition restraining the superior court for Cowlitz county from proceeding further in that action. In response to an alternative writ, respondent filed herein a demurrer to relator's petition, thereby raising for determination the sole question whether an action against the state to cancel a deed for fraud and revest title in plaintiff grantor is an action "to determine or quiet title to any real property" within the meaning of the proviso of Rem. Rev. Stat., § 886.

We agree with counsel for the state that an action may not be maintained against the state without its consent; and that, when the state does consent, it may determine in what forum it may be sued.

The constitution (Art. II, § 26, state constitution) provides that "the legislature shall direct by law in what manner and in what courts suits may be brought against the state."

Pursuant to the foregoing constitutional provision, the legislature fixed the venue of actions against the state as follows:

"Any person or corporation having any claim against the state of Washington shall have a right of action

against the state in the superior court of Thurston county. . . . Provided, that actions for the enforcement of foreclosure of any lien upon, or to determine or quiet title to, any real property in which the state of Washington is a necessary or proper party defendant may be commenced and prosecuted to judgment against the state in the superior court of the county in which such real property is situated, . . ." Laws of 1927, chapter 216, p. 331, § 1; Rem. Rev. Stat., § 886 [P. C. § 6260].

It will be noted that the statute provides that an action to determine or quiet title to any real property in which the state of Washington is a necessary or proper party defendant is a local action and may be brought in the county where the land is situated. By enactment (Laws of 1854, p. 133, § 13; Laws of 1860, p. 7, § 15; Laws of 1869, p. 12, § 48; Laws of 1877, p. 11, § 48; Code 1881, § 47; 2 H. C., § 158; Rem. Rev. Stat., § 204 [P. C. § 8541]) prior to statute (Laws of 1927, chapter 216, § 1; Rem. Rev. Stat., § 886) fixing venue of actions against the state, the legislature provided that actions for the recovery of, for the possession of, or for the determination of all questions affecting the title to, real property shall be commenced in the county in which the subject of the action, or some part thereof, is situated.

Under the provisions of the cited statutes (Rem. Rev. Stat., §§ 886, 204), an action, whether against the state or other party defendant, to determine the title to real property is a local action. In *Ryckman v. Johnson*, 190 Wash. 294, 67 P. (2d) 927, we held that an action to set aside a fraudulent conveyance of real estate is within the statutory (Rem. Rev. Stat., § 204) classification of causes "for the determination of all questions affecting the title."

No useful purpose would be served by reviewing the conflicting authorities on the question of venue

of an action to cancel a deed conveying land. By statute (Rem. Rev. Stat., §§ 886, 204) and by decision (*Ryckman v. Johnson, supra*), we are committed to the rule that where, as in the case at bar, an action is brought to cancel a deed on the ground of fraud and to revest title to the land covered by that deed in plaintiff, that action is one to determine the title to real property, as the subject of that action involves, the object of that action is directed toward, the land and the title thereto. See 67 C. J. 62; *Eckhardt v. Bankers' Trust Co.,* 218 Iowa 983, 249 N. W. 244, 252 N. W. 373; 9 Am. Jur. 395.

The reason for the rule is stated as follows in *Ryckman v. Johnson,* 190 Wash. 294, 67 P. (2d) 927:

"Appellants cite and rely upon certain of our decisions which hold that actions wherein it is sought to establish and enforce a trust, or where the court in the exercise of its equity powers acts to compel parties before it to do a particular thing, or where, in the defendant's answer, title to real property is brought into issue only incidentally, are transitory, inasmuch as the decree acts only *in personam.* The principles enunciated in those cases are well settled, in this state at least, but they do not meet this case, because, as already stated, the subject of the action involves, and the object of the action is directed toward, the land and the title thereto.

" 'It is the policy of our law that all transactions affecting the title to real estate shall be matters of record in the county where such real estate is situated, so that any one concerned therewith may be informed as to the condition of its title by an examination of the public records in such county.' *Seymour v. LaFurgey,* 47 Wash. 450, 92 Pac. 267."

The writ is denied.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.