[No. 29704. *En Banc.* January 18, 1946.]

ALEX CUGINI et al., *Appellants,* v. THE APEX MERCURY MINING COMPANY et al., *Respondents.*[1]

[1]Reported in 165 P. (2d) 82.

*Little, Leader, LeSourd & Palmer,* for appellants.

*Leo Teats* and *Ralph Teats,* for respondents.

SIMPSON, J.—Plaintiffs instituted this suit in Lewis county, Washington, to quiet title to a tract of timber situated in that county. Defendants presented a motion for a transfer of the action to Pierce county for trial on the ground that the convenience of witnesses would be served thereby. The motion was granted, the cause was transferred to Pierce county and there tried. At the conclusion of plaintiffs' case, the trial court granted a motion for nonsuit. Plaintiffs have appealed. .

Their assignments of error are: (1) In transferring the cause for trial to Pierce county; (2) in finding that no oral agreement regarding the time for removal of the timber was made at the time the timber deed was delivered; (3) in holding that there was no oral agreement of extension made in 1943 when certain taxes were paid; (4) in holding that plaintiff knew that he was paying the fire patrol taxes on the timber; (5) in granting defendants' motion for nonsuit; and (6) in dismissing the action.

For convenience, we will refer to Alex Cugini as appellant and to the mining company as respondent.

The facts may be summarized as follows: May 5, 1942, appellant, for a cash consideration, purchased from respondent the growing timber upon property situated in Lewis county. The deed recited that the "timber will be removed from said above-described property within one year from date hereof." On the same date, a letter, reading as follows,

"Tacoma, Washington, May 5th, 1942. It is agreed and understood that if the party purchasing the timber from the Apex Mercury Mining Company, a corporation, covering Lots Six and Seven and the Northwest Quarter of the Southeast Quarter of Section 6, Twp. 12 North, Range 5 East, W. M., Lewis County, Washington, is unable to remove all the timber from said property on or before one year from date hereof, will at that time, give you permission to take six months longer to remove same. Providing it does not in any way interfere with mining purposes. And due diligence has been used in removing same.

"Signed APEX MERCURY MINING Co., By Fred Diedrich, Pres. M. M. Miller, Sec'y."

was given to appellant.

The timber was not removed within the time specified in the deed, nor within six months thereafter, though it could have been removed in three and a half months.

In June, 1943, appellant visited the office of respondent and asked to be allowed another year in which to remove the timber. His request was denied by officers of respondent. Appellant testified that Mrs. Miller, secretary of respondent, said "Yes." He testified further that he was offered an extension of time if he would pay for it, and that he stated that he would give two hundred fifty dollars for the additional time of one year. He also testified that he was asked to pay the 1942 timber taxes and fire patrol taxes, both of which he paid.

November 2, 1944, respondent notified appellant that he had forfeited all his rights given him by the deed of May 5, 1942, for the reason that he had not removed the timber within the time specified.

Appellant contends, first, that this action was local in character and must be commenced and tried in Lewis

county for the reason that the superior court of that county had exclusive jurisdiction. Respondent, on the other hand, urges that it was proper to grant a change of venue to another county for the purpose of trial. Rem. Rev. Stat., § 204 [P: P. C. § 102-1] (formerly § 48, p. 11, Laws of Wash. Terr. 1877), is as follows:

"Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:

"1. For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title or for any injuries to real property;"

Rem. Rev. Stat., § 209 [P. P. C. § 102-11], provides that the trial court may on motion change the place of trial for certain reasons, including that of the convenience of witnesses.

It will be necessary to review our cases touching upon this subject in order to arrive at the proper conclusion. In *Wood v. Mastick*, 2 Wash. Terr. 64, 3 Pac. 612, the court held that actions concerning or relating to real estate must be commenced in the county or district in which the property was located.

*McLeod v. Ellis*, 2 Wash. 117, 26 Pac. 76, held that an action commenced in the county other than that where the property was located would not give the court jurisdiction.

In *North Yakima v. Superior Court*, 4 Wash. 655, 30 Pac. 1053, this court decided that the King county superior court could not determine a cause relating to personal property situated in Yakima county. The reason given for the decision was that the action was local in character and was within the exclusive jurisdiction of the Yakima superior court.

It was decided in *State ex rel. Peterson v. Superior Court*, 5 Wash. 639, 32 Pac. 553, that an action to recover property held by a sheriff was a local one and could only be brought in the county in which the property was seized.

*State ex rel. Collins v. Superior Court*, 13 Wash. 187, 43 Pac. 19, included the question of jurisdiction of an action

relative to compelling performance of a contract to convey real estate. It was held that the action was a local one and must be brought in the county where the lands were situated.

*Seymour v. LaFurgey,* 47 Wash. 450, 92 Pac. 267, is a case in which the right to remove growing timber in Mason county was the issue. The action was commenced in that county, and defendant asked for a change of venue to Pierce county because he resided there and most of the witnesses lived in that county. The motion was denied and defendant appealed. The court upheld the trial court and, in so doing, stated:

"It is urged by appellant that this is a transitory action and consequently not necessary to be tried in the county where the property is situated. We do not think this contention can be upheld. Logging contracts of this character certainly affect very materially the lands upon which the timber is growing. They contemplate that the person removing the timber must take possession of the land and use it while cutting and taking off such timber. It is the policy of our law that all transactions affecting the title to real estate shall be matters of record in the county where such real estate is situated, so that any one concerned therewith may be informed as to the condition of its title by an examination of the public records in such county. We think that this contract affected the title to, and interests in, these lands in such a manner as to make an action for its forfeiture local in its character. Consequently the action would be properly brought and tried in Mason county."

*Shedden v. Sylvester,* 88 Wash. 348, 153 Pac. 1, involved the forfeiture of a mortgage upon land situated in Benton county. The parties stipulated that the case be transferred to Yakima county for trial in order to serve the convenience of witnesses. Later, an objection was made to the jurisdiction of the Yakima court. This court held that the Yakima court had jurisdiction. The decision was based upon *State ex rel. Howell v. Superior Court,* 82 Wash. 356, 144 Pac. 291, in which it was held that, though the action was a local one, the trial court could grant a motion for change of venue to another court. The *Howell* case did not concern real estate.

*State ex rel. King County v. Superior Court,* 104 Wash. 268, 176 Pac. 352, had to do with lands located in Pierce county which had been damaged by King and Pierce counties. It was held that King county had to defend the action in Pierce county because the action was local in character.

In *State ex rel. Christensen v. Superior Court,* 108 Wash. 666, 185 Pac. 623, we decided that any superior court in this state has jurisdiction over the subject matter of an action to foreclose a lien for the construction of a ship, regardless of the location of the ship and notwithstanding § 204, which provides that actions involving the title to any specific personal property shall be commenced in the county in which the property is situated. This holding was made because of the defendant's appearance and participation in the trial without any objection to the venue.

In *State ex rel. McWhorter v. Superior Court,* 112 Wash. 574, 192 Pac. 903, it was held permissible to allow an amendment to a complaint in order to show that a transitory action was in fact local.

In *Cartwright v. Kulzer,* 140 Wash. 206, 248 Pac. 419, action was instituted in Spokane county to establish and protect certain water rights appurtenant to lands in Stevens county. Defendants moved to quash service and for change of venue to Stevens county. The motion to quash was denied and the motion for change of venue granted. The Stevens county superior court sustained a demurrer for lack of jurisdiction and dismissed the action. This court reversed the judgment of dismissal. This case, as suggested in *Miles v. Chinto Mining Co.,* 21 Wn. (2d) 902, 153 P. (2d) 856, 156 P. (2d) 235, ignores the general rule as to jurisdiction in cases local in character.

In *State ex rel. Green Mountain Lbr. Co. v. Superior Court,* 144 Wash. 351, 258 Pac. 27, 145 Wash. 532, 261 Pac. 97, we find the facts to be: The Green Mountain Lumber Company commenced an action in King county against the American Exchange Bank, alleging in its complaint that the defendant had, by false representations, secured the execution of a trust deed upon certain lands in Snohomish county. April 22, 1927, the bank started foreclosure proceedings in

Snohomish county to foreclose the trust deed sought to be canceled in King county. The lumber company then applied to this court for a writ to compel the superior court of Snohomish county to suspend the proceedings in that county, pending the trial of the action in the King county court. At the first hearing in this court, reported in 144 Washington Reports, it was held that the action in King county was transitory and that in Snohomish county was purely a local action. This court refused to issue the writ. Upon rehearing, reported in 145 Washington Reports, this court granted the writ and directed the dismissal of the action in Snohomish county. In passing, it was stated:

"If the plaintiffs prevail in the first suit, there can be no foreclosure of the mortgage at this time, if at all. On the contrary, if there is a valid mortgage ripe for foreclosure, it can be foreclosed in the King county action. Subdiv. 1 of § 204, Rem. Comp. Stat., makes causes for the recovery, possession, partition, foreclosure of a mortgage on, or the determination of all questions affecting the title or for injuries to real property, local to the county wherein the property or some part of it is situated. It is to be observed, however, that subdiv. 2 of the same section makes the same provision with reference to the possession or title to any specific article of personal property. *State ex rel. Hendron v. Superior Court,* 140 Wash. 403, 249 Pac. 485.

"Both kinds of action, whether they relate to real or personal property, are local. In *State ex rel. Christensen v. Superior Court,* 108 Wash. 666, 185 Pac. 623, a judgment of the superior court of Pierce county foreclosing a lien on a ship, constructed and situated in King county, was held to be valid upon the theory that any superior court of the state has general jurisdiction over the matter of such an action, notwithstanding Rem. Comp. Stat., § 204, provides that actions involving title to any personal property shall be commenced in the county where the property is situated, since the venue may be changed or the objection waived by general appearance."

In *North Bend Lbr. Co. v. Seattle,* 147 Wash. 330, 266 Pac. 156, suit was started in King county to recover damages to a sawmill plant, occasioned by work done by the city of Seattle. A change of venue to Pierce county was attacked upon the ground that the action was local and could not be

transferred. This court affirmed the change on authority of *Shedden v. Sylvester, supra,* and *State ex rel. Christensen v. Superior Court, supra.*

The case of *Ryckman v. Johnson,* 190 Wash. 294, 67 P. (2d) 927, had to do with the question relating to a fraudulent conveyance of real estate in Yakima county. The action was held to be local because it affected title to real property. Defendants' motion for a change of venue on the ground that they were not residents of Yakima county was denied by the trial court. In approving that action, this court stated:

" 'It is the policy of our law that all transactions affecting the title to real estate shall be matters of record in the county where such real estate is situated, so that any one concerned therewith may be informed as to the condition of its title by an examination of the public records in such county.' *Seymour v. LaFurgey,* 47 Wash. 450, 92 Pac. 267. "The subject of this action being situated in Yakima county, and its character being within the designation of the statute as we construe it, the action is local. The motion for change of venue was properly denied."

*State ex rel. Hamilton v. Superior Court,* 200 Wash. 632, 94 P. (2d) 505, involved alleged fraud in the sale of land to the state for highway purposes. The action was instituted in Cowlitz county, where the land was situated. The state sought to restrain the superior court of Cowlitz county from trying the case upon the ground that the state could only be sued in Thurston county as provided by Rem. Rev. Stat., § 886 [P. P. C. § 933-1]. This court held, however, that the action was local in character and was properly brought at Cowlitz county. The decision was bottomed upon *Ryckman v. Johnson, supra.*

*Miles v. Chinto Mining Co.,* 21 Wn. (2d) 902, 153 P. (2d) 856, 156 P. (2d) 235, is another case having to do with a local action. The action, brought in Spokane county, concerned the title to real and personal property situated in Stevens county. This court held that the Spokane county had no jurisdiction and that its judgment was void. This was done in the face of an agreement between both parties

that the case should be commenced and tried in Spokane county.

The review just made indicates that this court has not been consistent in deciding those cases in which § 204 applies. We now hold as follows: The provisions of § 204 are jurisdictional in character. Actions involving title or injury to real property may only be commenced in the county in which the real property is situated. Otherwise, the action must be dismissed for want of jurisdiction. Actions instituted in the proper county may be transferred to another county for trial if sufficient cause be shown therefor. When a cause is transferred for trial, the court to which the transfer is made has complete jurisdiction to determine the issues in the case.

The reasons given in *Seymour v. LaFurgey, supra,* are not compelling. Title to real estate affected by trials in a county to which a cause has been transferred may be protected in the county in which the property is situated by the filing of transcripts of the judgment or other records in the home county.

Rem. Rev. Stat., § 209, applies to all causes of action, regardless of whether they are local or transitory. This holding is in accord with the provisions of the statute and furthers the proper and impartial administration of justice. The pronouncement of this rule requires and results in the overruling of those cases which have indicated a contrary view.

On the merits, it must be held that appellant was not entitled to additional time in which to cut the timber he purchased. The reason is that prior to November 2, 1944, his time for removing the timber had expired, and there was no competent evidence of a contract entered into between appellant and respondent which gave to him any additional time. The fact that he paid some taxes at the request of respondent does not in any way bind the respondent to allow the removal of the timber, nor did that fact bind the respondent to extend the time for removal. Appellant in this case had a sufficient length of time to re-

move the timber, and he cannot complain because he let that time go by.

The judgment of the trial court will be affirmed.

DRIVER, C. J., STEINERT, BLAKE, ROBINSON, JEFFERS, and MALLERY, JJ., concur.

MILLARD, J. (dissenting)—All causes of action which affect real estate or title thereto are local in nature. The case at bar is an action to quiet title, hence it should be instituted and prosecuted in the county where the property is situated. The judgment should be reversed.

BEALS, J., concurs with MILLARD, J.

