[No. 12463.    Department Two.    November 25, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Nancy C. Howell et al.*, Plaintiff, v. THE SUPERIOR COURT FOR KING COUNTY *et al.*, Respondents.[1]

VENUE—CHANGE—RIGHT IN LOCAL ACTIONS. A change of venue in local as well as transitory actions is properly grantable on any of the grounds allowed by Rem. & Bal. Code, § 209, in view of Id., § 210, which provides that, if the action is one where the county designated in the complaint is not the proper county, the change shall be made to the county where the action ought to have been commenced, and in other cases the cause must be transferred to the most convenient county.

SAME—LOCAL ACTIONS—JURISDICTION AFTER CHANGE. Under Rem. & Bal. Code, § 215, providing that the court to which an action is transferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein, the transfer of a local action invests the court to which change of venue has been made with the same jurisdiction theretofore held by the court ordering the change.

Application filed in the supreme court October 29, 1914, for a writ of mandamus to compel the superior court for King county, Dykeman, J., to proceed with a cause, after ordering a change of venue. Denied.

*Gay & Kelleran*, for relators.

*Reeves, Crollard & Crollard*, and *Will H. Fouts*, for respondents.

MOUNT, J.—This is an application for a writ of mandamus to require the respondent, judge of the superior court for King county, to proceed to make up the issues and try

[1] Reported in 144 Pac. 291.

the case of Howell et al. v. Blewett Mine Leasing Company.

It appears from the application that, in October, 1912, the relators began an action in the superior court for King county against the Blewett Mine Leasing Company, alleging that the plaintiffs had been defrauded in the purchase of certain stock of that company. On the filing of the complaint in that case, a temporary receiver was appointed. Thereafter, in November, 1912, the defendant made a general appearance by serving and filing a demurrer to the complaint. Nothing was done in the case thereafter until the 7th day of October, 1914, when the defendant filed a motion for a change of venue, and to discharge the receiver. This motion for change of venue was based upon four grounds, stated as follows:

"(1)   For the reason that the county designated in the complaint is not the proper county;

"(2)   For the reason that the convenience of witnesses and the ends of justice will be forwarded by the change;

"(3)   For the reason that this court has no jurisdiction over the subject-matter of the action; and

"(4)   For the reason that this court has no jurisdiction over the person of the defendant."

Affidavits in support of the motion were served and filed. Counter affidavits were also filed. Upon the hearing, the trial court sustained the motion, and made an order changing the venue to Chelan county in this state, but denied the motion to discharge the receiver. The relators thereupon applied for this writ.

It is frankly conceded by counsel for the relators that, if the superior court of Chelan county has jurisdiction of the case, then the writ should be denied. We are satisfied that the superior court of Chelan county has jurisdiction of the case. We may concede, for the purposes of this case, that the action brought by the relators in the superior court for King county in 1912 was a local action, as distinguished from a transitory one, and we may concede that the action could not have been originally brought in Chelan county. We may also concede that the superior court for King county was the

proper county in which the action should have been brought under the statute, though these two last named questions are disputed by the respondents. The motion for change of venue interposed by the defendant in that case was based, as we have already seen, upon the ground, among others, that the convenience of witnesses and the ends of justice demanded a change of venue.

The statute at § 209 of Rem. & Bal. Code (P. C. 81 § 111), provides:

"The court may, on motion, in the following cases, change the place of trial, when it appears by affidavit or other satisfactory proof,—

"(1)    That the county designated in the complaint is not the proper county; or

"(2)    That there is reason to believe that an impartial trial cannot be had therein; or

"(3)    That the convenience of witnesses or the ends of justice would be forwarded by the change; or

"(4)    That from any cause the judge is disqualified; . ."

It is apparent that this statute applies, both to local actions and to transitory actions, for in the next section it is provided that, if the action is one where the county designated in the complaint is not the proper county, the change shall be made to the county where the action ought to have been commenced. And in other cases named in § 209, the cause must be transferred to the most convenient county where the causes alleged in the affidavit or motion do not exist. And Rem. & Bal. Code, § 215 (P. C. 81 § 121), provides that:

"The court to which an action or proceeding is transferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein."

It is plain from these provisions of the statute that, where these causes exist in either a local or transitory action, the change may be made; and the statute expressly provides that the cause shall be tried in the county to which the change is

made.  That court necessarily must have jurisdiction of the case.

Upon the oral argument in this case, counsel for the relators insisted that no change of venue could be made in a case where the action is local.  But as we have seen above, the statute does not so specify.  It is a general statute and applies to all cases.  The whole context of the chapter indicates that, when these particular causes exist in any case, the court having jurisdiction may change the place of venue to some other county.

The relators insist that the superior court for King county had jurisdiction.  If it had jurisdiction, necessarily that jurisdiction followed to the court to which the change was made.  In the case of *State ex rel. Wyman etc. Co. v. Superior Court*, 40 Wash. 443, 82 Pac. 875, 111 Am. St. 915, 2 L. R. A. (N. S.) 568, this court said:

"Statutes conferring the right to a change of venue are enacted with a view of affording litigants a fair and impartial trial.  They are in furtherance of justice, and should be liberally construed so as not to defeat the right."

In the case of *State ex rel. Port Blakely Mill Co. v. Superior Court*, 9 Wash. 673, 38 Pac. 155, this court said:

"That the convenience of witnesses and the ends of justice would be forwarded by the change, was an appeal to the discretion of the court."

In the case of *McLeod v. Ellis*, 2 Wash. 117, 26 Pac. 76, this court, in its early history, in discussing § 204 and the following sections of Rem. & Bal. Code, said:

"Section 47 [which is § 204 of Rem. & Bal. Code] pointedly says that actions for injuries to real property shall be commenced in the 'county or district' in which the subject of the action, or some part thereof, is situated.  If commenced there, they must be tried there, unless removed for reasons sufficient under § 51."

Section 51 mentioned in that opinion is § 209 of Rem. & Bal. Code (P. C. 81 § 111).  This statement in that case

may have been dictum, so far as the decision of that case was concerned. But it shows what the judge who wrote that opinion thought these sections of the statute meant. We are satisfied that the statement was in accordance with the meaning of the statute as it existed then and as it exists now.

No case is called to our attention which holds that the court to which a change of venue has been made does not acquire the jurisdiction which the court had that ordered the change. If there is any such case, the provisions of our statute must govern. The statute expressly provides that the court to which the change is made does have like jurisdiction as if the case had been originally commenced therein. Rem. & Bal. Code, § 215 (P. C. 81 § 121).

We are satisfied, therefore, that the superior court of Chelan county has jurisdiction of the case. The writ must therefore be denied.

CROW, C. J., MAIN, and ELLIS, JJ., concur.