[No. 11822. Department One. December 16, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Joseph H. Nash*, *Plaintiff*, v. THE SUPERIOR COURT FOR PACIFIC COUNTY, *Respondent.*[1]

MANDAMUS—INADEQUACY OF APPEAL — CHANGE OF VENUE. Mandamus lies to compel the court to vacate an order for a change of venue, and to proceed with the trial, since the remedy by appeal is inadequate.

VENUE—CHANGE — CONVENIENCE OF WITNESSES — NONRESIDENTS— MANDAMUS. A change of venue cannot be granted for the convenience of witnesses who are nonresidents of the state, since their attendance could not be compelled by process of the court; and mandamus lies to prevent such change where it was not necessary for the convenience of witnesses residing in this state.

Application filed in the supreme court January 30, 1914, to compel the superior court for Pacific county, Wright, J., to vacate an order for change of venue, and proceed with the trial of a cause. Writ granted.

*Bond & Eddy*, for relator.
*Littlefield & Smith*, for respondent.

CROW, C. J.—Gertrude M. Grant, a resident of Portland, Oregon, commenced an action in the superior court in and for Pacific county, in this state, against Joseph H. Nash, claiming damages for an alleged breach of a promise of marriage. This action, upon the plaintiff's motion, was thereafter dismissed without prejudice. Shortly after such dismissal, the plaintiff instituted another suit upon the same alleged cause of action in the superior court in and for Clarke county, in this state. Thereupon, the defendant Nash moved for a change of venue of the second action from Clarke county to Pacific county, upon the ground that he resided in the latter county. This motion, which was resisted by plaintiff, was heard upon affidavits in the superior court of Clarke county,

[1]Reported in 144 Pac. 898.

and, before the trial judge had announced his ruling, the plaintiff consented to the change of venue, although there is some intimation in the record that she then indicated her intention to later ask that the cause be returned to Clarke county. An order was thereupon entered transferring the action to Pacific county. Shortly thereafter, the plaintiff filed her motion for a change of venue from Pacific county to Clarke county, upon the ground of convenience of witnesses and for the promotion of the ends of justice. This motion was resisted by the defendant upon the ground that the plaintiff's showing was not sufficient, and upon the further ground that the plaintiff had consented to the transfer of the action from Clarke county to Pacific county. Affidavits were filed supporting and resisting the application. The trial court granted plaintiff's motion, and transferred the cause to Clarke county. Thereupon, the defendant, Joseph H. Nash, as relator, applied to this court for a writ of mandate to compel the Honorable Edward H. Wright, as judge of the superior court in and for Pacific county, to vacate his order granting the last change of venue, and to proceed with the trial of the cause in Pacific county.

The respondent contends that the relator has no remedy by writ of mandate, but that his remedy, if any, is by writ of certiorari, evidently meaning an appeal. This contention cannot be sustained. *State ex rel. Howell v. Superior Court,* ante p. 356, 144 Pac. 291. In *State ex rel. Scougale v. Superior Court,* 55 Wash. 328, 104 Pac. 607, 133 Am. St. 1030, the superior court entered an order granting a change of venue. Thereupon, the plaintiff, as relator, applied to this court for a writ of mandate directing the lower court to proceed with the trial. The respondent, by demurrer, interposed in this court, contended that the relator had an adequate remedy by appeal. Disposing of this contention, we said:

"This view is not sustainable. If the change of venue was erroneously made, we cannot presume that the superior court

of Snohomish county will assume to exercise jurisdiction; nor could we, upon an appeal from that court, direct the superior court of Pierce county to proceed with the trial. The remedy by appeal is therefore inadequate. *State ex rel. Wyman, etc., Co. v. Superior Court,* 40 Wash. 443, 82 Pac. 875, 111 Am. St. 915, 2 L. R. A. (N. S.) 568; *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395."

There is no showing that any witness, either for plaintiff or defendant, resides in Clarke county. The affidavits presented on plaintiff's behalf show that most of her witnesses reside in Portland, Oregon; that some two or three witnesses whom she says she intends to call reside in Seattle, in this state; that the witnesses residing in Oregon will attend a trial in Clarke county; that they can do so at slight expense, there being an electric car line out of Portland, Oregon, to Vancouver, the county seat of Clarke county; that the expense of taking her witnesses to Pacific county will be much greater, and that she has not the means to incur such additional expense. The affidavits produced on behalf of the relator disclose the fact that he has a number of witnesses residing in Pacific county; that Pacific county is his present place of residence; that he has one or two witnesses who reside in Seattle; that the distance from Seattle to Pacific county is less than the distance from Seattle to Clarke county, and that he has a meritorious defense. There is no showing that the plaintiff cannot obtain a fair and impartial trial in Pacific county, or that the ends of justice will not be subserved by a trial in Pacific county. The only possible ground upon which she relies for the change of venue is that her witnesses, residing out of this state, can attend a trial in Clarke county more conveniently and at less expense.

Relator insists that the convenience of nonresident witnesses cannot be considered in an application for a change of venue, and that the convenience of witnesses residing in a neighboring state is not contemplated by subdivision 3 of Rem. & Bal. Code, § 209 (P. C. 81 § 111). He further in-

sists that plaintiff has not made a showing sufficient to warrant the change of venue. The rule seems to be that, in passing upon a motion for a change of venue for the convenience of witnesses, the court has not the right to consider witnesses who are nonresidents of the state. *New Jersey Zinc Co. v. Blood*, 8 Abb. Pr. (N. Y.) 147; *Bank of St. Albans v. Knickerbacker*, 6 Wend. (N. Y.) 541; *Shirley v. Nodine*, 1 Idaho 696.

In *Bowles v. Rome etc. R. Co.*, 38 Hun (N. Y.) 507, the court said:

"The reason of the rule seems to have been that the attendance of the witnesses could not be compelled by the process of the court, and a commission might be necessary to examine them."

No sufficient showing has been made that a change of venue is necessary for the convenience of witnesses residing in this state. The action should be retained for trial in Pacific county. Let the writ issue.

CHADWICK, ELLIS, and MAIN, JJ., concur.

GOSE, J. (concurring)—I think the first change of venue was *res judicata*. Upon this ground as well as the ground upon which the majority opinion rests, I concur.