[No. 15777. Department Two. September 16, 1920.]

THE STATE OF WASHINGTON, *on the Relation of L. V. McWhorter, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Everett Smith, Judge, Respondent*.[1]

VENUE (22)—CHANGE—APPLICATION—HEARING AND DETERMINA-
TION—AMENDMENT OF COMPLAINT—POWERS OF COURT. Where the original complaint in an action for malicious prosecution stated a transitory action and defendant moved for a change of venue to the county of his residence, it is proper to permit the plaintiff to amend his complaint to show that the action was against a public officer for acts done in virtue of his office which, by Rem. Code, § 205, must be tried in the county where the cause arose, and in which the action was brought, thereby working a denial of defendant's motion for a change of venue.

Certiorari to review an order of the superior court for King county, Smith, J., entered February 20, 1920, denying a motion for a change of venue. Affirmed.

*Bell & Thompson*, for relator.

*Robert M. Jones*, for respondent.

MITCHELL, J.—It appears from the affidavit for, and the return to, a writ of review in this case that Charles D. Davis commenced an action in the superior court of King county against L. V. McWhorter for malicious prosecution. The summons and complaint were served upon him in that county. Within twenty

[1]Reported in 192 Pac. 903.

days McWhorter appeared in the cause and filed a motion for a change of venue to the superior court of Yakima county, upon affidavit proof that he was, and for more than a year had been, a resident of Yakima county. Before the motion was presented to the court, Charles D. Davis caused to be filed in the case an affidavit alleging that the action was one for malicious prosecution growing out of his arrest and prosecution in King county at the instance of McWhorter, upon a criminal complaint before one of the justices of the peace of Seattle precinct, King county; that, in so doing, McWhorter acted in his capacity as an officer of the state humane bureau of this state; that the action for malicious prosecution was brought for acts done by McWhorter in virtue of his office and as a public officer; and that all the witnesses competent to testify in the action were residents of King county.

At the time of presenting the affidavit, Davis made an oral application for leave to amend his complaint to set up the true facts as declared in his affidavit. The two applications were presented to the court at the same time. The motion for a change of venue was continued to a future specified date, and the application of Davis to amend his complaint was granted. Prior to the date to which the motion for a change of venue was finally continued, Davis made and filed an amended complaint entitled "Charles D. Davis, plaintiff, v. L. V. McWhorter, agent of the state humane bureau, defendant," wherein, in addition to allegations similar to those in the original complaint, he alleged that McWhorter was and is a qualified and acting public officer of the state of Washington, to wit, an agent of the state humane bureau, and that, acting under color of, and in virtue of, his office as such agent of the state humane bureau, he appeared before a jus-

tice of the peace for Seattle precinct, in King county, and charged the plaintiff with the offense of cruelty to animals, alleging such offense to have been committed at Seattle, Washington. Thereupon the trial court made and entered an order denying the motion for a change of venue.

It is contended on behalf of the relator that he was entitled to have his motion for a change of venue granted, not as a privilege, but as a matter of right, and a number of cases from this court, as late as *State ex rel. Poussier v. Superior Court,* 98 Wash. 565, 168 Pac. 164, are submitted in support of the argument. In transitory actions, such as the original complaint in the cause in the superior court was, it is the general policy or rule of the law that the action must be tried in the county where the defendant resides. Rem. Code, § 207. The next section of the statute (208) provides, if the county in which such action is commenced is not the proper one, the action may still be tried therein, unless the defendant properly and seasonably demands that the trial be had in the proper county. Section 209, Rem. Code, provides:

"The court may, on motion, in the following cases, change the place of trial, when it appears by affidavit or other satisfactory proof, (1) That the county designated in the complaint is not the proper county; or . . ."

Oftener than otherwise, the authorities along this line relate to transitory actions where there is a dispute as to the residence of the defendant, or, his residence being admitted, there is a counter appeal addressed to the discretion of the court upon some subject other than the residence of the defendant, to continue the case in the court hearing the application for a change of venue. But the situation here is vastly different, as we view it. Section 205, Rem. Code, pro-

vides that an action against a public officer for an act done by him in virtue of his office shall be tried in the county where the cause, or some part thereof, arose. That is, by the mandatory terms of the statute, such action is local; the reason whereof being important to the legislature and not to the courts. In the case here, the original complaint in the superior court disclosed an action which was transitory. Prior to the date of presenting the motion for a change of venue, the plaintiff therein, not in the exercise of any privilege to defeat the change of venue, but in the protection and preservation of an essential of his cause of action as he claims it actually existed, and in relation to the matter of venue for the purpose of a proper trial of his cause of action, applied to the court, upon a proper showing, for leave to amend the complaint. The cause of action was the same, only it had been imperfectly stated in the original complaint; for, if the additional matter stated in the amendment be true, then, it would seem, the superior court of King county is the only one in which the case could be commenced; else, upon the appearance of those additional facts in the course of the trial in the superior court of another county, the action would have to be dismissed for want of jurisdiction. *McLeod v. Ellis*, 2 Wash. 117, 26 Pac. 76. It appears, therefore, that the real situation was, the power and right of the trial court to entertain simultaneously with the motion for a change of venue, in what appeared to be a transitory action because of the undisputed residence of the defendant in another county, an application on the part of the plaintiff to amend his complaint to conform to the actual facts where the proposed amendment would fix the venue, not because of any discretionary power of the court, nor the exercise of any privilege on the part of the

litigants, or either of them, but because of the positive terms of the statute fixing the venue. When the two simultaneous applications came on for hearing, it became necessary to consider the application for leave to amend, for it suggested at once the venue fixed by the statute which declares that the real cause of action the plaintiff was asserting is a local action and must be tried in the county where it, or some part of it, arose. Being a local action, it was clear from the complaint, reinforced by the amendment proposed, that it had been properly commenced in the superior court of King county—a venue which could not be disturbed simply because of the residence of the defendant in some other county. Under the liberality enjoined by statute for the amendment of pleadings, the court acted within its powers in allowing the amendment, proposed at a most opportune time. Having allowed the amendment, it necessarily worked a denial of the defendant's motion for a change of venue upon the ground preferred in his motion.

The proceedings in the trial court are affirmed.

HOLCOMB, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.