[No. 30148. Department One. February 27, 1947.]

THE STATE OF WASHINGTON, *on the Relation of Maria J. Bugenhagen, Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *W. A. Richmond, Judge, Respondent.*[1]

*Warren Hardy*, for relator.

*O'Brien & Dorsey*, for respondent.

MILLARD, J.—E. H. Bugenhagen commenced an action September 5, 1946, in the superior court for Pierce county, for a divorce from Maria J. Bugenhagen. He alleged that he had been continuously for more than one year last past prior to the commencement of the divorce action a resident of Pierce county, and that plaintiff and defendant intermarried in Tacoma, December 24, 1913; and that they own a home at 5100 Orcas street, in Seattle. The grounds for divorce alleged by plaintiff are cruel treatment of plaintiff by defendant, rendering life burdensome, and separation of the parties for more than five years prior to the commencement of the divorce action.

Defendant wife duly gave notice of her appearance in the action, and moved that the venue of the action be changed to King county, where the parties resided. This proceeding was instituted by relator to review the order entered by the

[1]Reported in 177 P. (2d) 885.

court denying the motion and for a writ of mandate directing that it be granted.

The affidavit supporting the motion avers that plaintiff and defendant intermarried December 24, 1913, and ever since that date both parties have continuously resided in Seattle, and for the past twenty-nine years have resided at 5100 Orcas street, where the parties own their own home. At the beginning of World War II, plaintiff commenced to work for the Northern Pacific Railroad Company, which service required him to rent a room in Tacoma. Plaintiff habitually returned to Seattle every two weeks and spent all of his vacations and holidays with his wife and son in Seattle. The matters alleged as grounds for divorce occurred in Seattle, King county, where reside practically all of the witnesses who know anything concerning the family life of plaintiff and defendant and the merits of the divorce action. The convenience of witnesses and the ends of justice will be best served by change of venue from Pierce county to King county.

Plaintiff's affidavit in opposition to the motion recites that plaintiff has resided in Tacoma since September 18, 1943; that he registered in Tacoma as a voter October 5, 1944, and that infrequently he went to Seattle and "remained over night, but that in most instances he would go to Seattle in the morning, visit with his son and return to Tacoma the same day."

Two grounds for divorce were alleged by plaintiff husband: (1) cruelty and (2) five years' separation. The affidavit of defendant wife supporting her motion for change of venue on the grounds that she and her husband are residents of King county; that the matters alleged by plaintiff as grounds for divorce occurred in King county; and that the convenience of witnesses and the ends of justice will be served by the change—plaintiff husband's affidavit contains no averment contradicting any material allegation of defendant's affidavit,—establish the fact that plaintiff husband and defendant wife have never resided in Tacoma, Pierce county; that both parties actually reside in Seattle, King county, where reside practically all of the witnesses who

are familiar with the domestic life of plaintiff and defendant and who will testify in person if the action is tried in King county and rebut the charges alleged by plaintiff in his complaint.

While it is within the discretion of the court whether it will grant a change of venue on the ground of the convenience of witnesses or on the ground that the ends of justice would be forwarded by the change (Rem. Rev. Stat., § 209 [P.P.C. § 102-11]), discretion in this regard is never arbitrary; it must be based on reason. It fairly appears from the facts recited above that the convenience of witnesses will be promoted by the change and the ends of justice forwarded thereby, hence the court's denial of the motion on the ground of discretion was an abuse of discretion. *State ex rel. Merritt v. Superior Court,* 147 Wash. 690, 267 Pac. 503.

To hold otherwise would be to deny to a party the benefit of the statute. Here there is no showing that the plaintiff's own witnesses to the main cause of action will be discommoded by the change. He does not state where his witnesses reside by whom he expects to substantiate his charges of cruelty. It is implicit in plaintiff's allegations that the acts of cruelty occurred in King county, hence the natural presumption is that plaintiff and defendant reside there. Also, it is clear from the record that the actual residence of the parties is now and for many years last past has been in King county.

Relator's prayer for writ requiring the trial court to grant her motion for change of venue is granted.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and ABEL, JJ., concur.