[No. 36360. En Banc. April 11, 1963.]

OSCAR RUSSELL *et al.*, *Plaintiffs*, V. MARENAKOS LOGGING COMPANY, INC. *et al.*, *Defendants and Relators*, THE SUPERIOR COURT FOR KING COUNTY, *Solie M. Ringold, Judge, Respondent.**

*Reported in 380 P. (2d) 744.

*Hull, Armstrong & Vander Stoep*, by *Grant Armstrong*, for relators.

*Sterbick, Manza, Moceri & Sterbick*, by *Michael S. Manza*, for respondent.

HILL, J.—This is a review on a writ of certiorari of an order granting a change of venue.

June 23, 1961 a collision occurred in Lewis County between two motor vehicles: one owned and driven by Oscar Russell, and the other owned by Marenakos Logging Company, Incorporated, and operated by its employee, Donald R. Keene. The logging company's principal place of business and its registered office is in King County.

Russell and wife (residents of Pierce County) commenced this action in King County against the logging company and Keene and his wife.

The defendants moved for a change of venue to Lewis County on two grounds: (1) that the statute (RCW 4.12.020(3))[1] required that the action be tried in Lewis

---

[1] "Actions to be tried in county where cause arose. Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

"(1) For the recovery of a penalty or forfeiture imposed by statute;

"(2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who, by his command or in his aid, shall do anything touching the duties of such officer;

"(3) For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action." (RCW 4.12.020)

County; and (2) that the convenience of witnesses and the ends of justice would be forwarded by a change of venue to Lewis County (RCW 4.12.030).[2] This statute is held to apply to all causes of action regardless of whether they are local or transitory. *Cugini v. Apex Mercury Mining Co.* (1946), 24 Wn. (2d) 401, 409, 165 P. (2d) 82, 86.

The plaintiff opposed the motion, but asked if there was to be any change of venue that it be to Pierce County for the convenience of witnesses. The plaintiff filed an affidavit on the issue of convenience of witnesses.

The King County Superior Court entered an order granting a change of venue from King to Pierce County for the convenience of witnesses.

The defendants have brought this order here for review on a writ of certiorari.

After a departmental hearing, the court directed a hearing en banc in order to clarify to some extent the "how," "when," and "why" of the review of orders of the superior courts relating to venue in what would ordinarily be considered transitory actions. This seems particularly appropriate at this time because 17 March 1963 is the effective date for Rule on Appeal 57, as amended, which governs "PROCEDURE FOR PETITIONS FOR WRITS OF REVIEW, CERTIORARI, MANDAMUS AND PROHIBITION." This attempted clarification does not purport to cover all of our venue cases in any of the categories indicated.

---

[2]"Grounds authorizing change of venue. The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

"(1) That the county designated in the complaint is not the proper county; or,

"(2) That there is reason to believe that an impartial trial cannot be had therein; or,

"(3) That the convenience of witnesses or the ends of justice would be forwarded by the change; or,

"(4) That from any cause the judge is disqualified; which disqualification exists in either of the following cases: In an action or proceeding to which he is a party, or in which he is interested; when he is related to either party by consanquinity or affinity, within the third degree; when he has been of counsel for either party in the action or proceeding." (RCW 4.12.030)

■ The "how" of the review of orders relating to venue presents no problem; it should be by writ of certiorari, as this court should have before it the same record on which the superior court reached its conclusion that a change of venue should or should not be granted.

We have, in the past, reviewed such orders on an application for a writ of mandamus to compel the superior court to grant a change of venue[3] or to compel it to proceed with a trial of a case after it had granted a change of venue.[4] We have also reviewed such orders on an application for a writ of prohibition to prevent the superior court from proceeding with the trial of a case, after refusing to grant a change of venue.[5] However, for the reasons stated in *State ex rel. Antonsen v. Superior Court* (1948), 29 Wn. (2d) 725, 189 P. (2d) 219, we do not regard mandamus or prohibition as appropriate remedies in the event it is deemed necessary to have this court review on order granting or refusing to grant a change of venue. See also *State ex rel. Verd v. Superior Court* (1948), 31 Wn. (2d) 625, 198 P. (2d) 663.

The defendants, seeking to review the King County Superior Court's order granting a change of venue, followed the proper procedure in making application for a writ of certiorari.

■ The "when" and "why" present a more difficult problem. We are in accord with the view that cases should not be brought to this court piecemeal; that the review of an order relating to venue is frequently a delaying tactic

[3]*State ex rel. Bugenhagen v. Superior Court* (1947), 27 Wn. (2d) 274, 177 P. (2d) 885; *State ex rel. Beffa v. Superior Court* (1940), 3 Wn. (2d) 184, 100 P. (2d) 6; *State ex rel. Schmidt v. Superior Court* (1935), 180 Wash. 356, 39 P. (2d) 990; *State ex rel. Shook v. Superior Court* (1927), 141 Wash. 651, 252 Pac. 103.

[4]*State ex rel. Nash v. Superior Court* (1914), 82 Wash. 614, 144 Pac. 898; *State ex rel. Wyman, Partridge & Co. v. Superior Court* (1905), 40 Wash. 443, 82 Pac. 875.

[5]*State ex rel. Antonsen v. Superior Court* (1948), 29 Wn. (2d) 725, 189 P. (2d) 219; *State ex rel. Owen v. Superior Court* (1920), 110 Wash. 49, 187 Pac. 708; *State ex rel. Martin v. Superior Court* (1917), 97 Wash. 358, 166 Pac. 630.

and that, except in rare instances,[6] the mills of justice grind with equal fineness in every county of the state.

On the other hand we recognize that plaintiffs should not be allowed to select forums indiscriminately, and that the legislature has decreed that the defendant has a right to have an action against him commenced in the county of his residence (RCW 4.12.025) except under specific circumstances governed by other statutes.

For reasons "important to the legislature and not to the courts" (to quote Judge Mitchell in *State ex rel. McWhorter v. Superior Court* (1920), 112 Wash. 574, 577, 192 Pac. 903), the legislature, by the mandatory terms of certain statutes, has either made what was formerly a transitory cause of action "local" or, at least, has designated the county or counties in which it should be brought.

The courts (inferior, superior or supreme) cannot ignore statutory or contractual rights as they relate to venue. Cases relating to venue and involving a claimed violation of a statutory right,[7] or in which a statutory right had been claimed erroneously,[8] together with cases raising pertinent issues of law,[9] should be considered by this court on an application for certiorari.

We recognize, too, that a trial court must exercise its discretion on the issue of venue with reference (1) to whether an impartial trial can be had; (2) to the convenience of witnesses; and (3) to whether the ends of justice would be forwarded. Where a superior court has exercised its discretion, this court will review only on a showing of manifest abuse of discretion.[10] Consequently, a writ will

---

[6]We have been able to find but one case in this state where, on an appeal, a new trial was granted because a party had been prejudiced by reason of the county in which the trial was held: *State v. Hillman* (1906), 42 Wash. 615, 85 Pac. 63.

[7-9]The number of cases involved in these notes and the extent of our discussion make it necessary to place these footnotes in an addenda at the end of the opinion.

[10]*State ex rel. Nielsen v. Superior Court* (1941), 7 Wn. (2d) 562, 110 P. (2d) 645; *State ex rel. Beffa v. Superior Court* (1940), 3 Wn. (2d) 184, 100 P. (2d) 6; *State ex rel. Schmidt v. Superior Court* (1935), 180

not be issued by the Chief Justice under Rule on Appeal 57(f) except on a prima facie showing of manifest abuse of discretion. The cases show very few situations which have been considered to be such an abuse; but there have been some,[11] and we will not close the door to the review of cases where the convenience of witnesses or the forwarding of the ends of justice have been ignored.

In the instant case, had there been no other grounds for the review sought than the convenience of witnesses or the forwarding of the ends of justice, the defendants would have been denied the writ, or the writ, if issued, would have been quashed because no one could say, on the basis of the affidavits on which the King County Superior Court acted, that it had manifestly abused its discretion in transferring the case to Pierce County for trial.

■ We find no merit in the contention that RCW 4.12-.020(3) limits the venue to King or Lewis Counties. The superior court of either county, if the action had been commenced therein, could then give consideration to a motion for a change of venue under RCW 4.12.030 (see note 2) which we have already pointed out applies to all causes of action whether local or transitory. This the Superior Court of King County did. There is no reason why that court should not, on a proper showing, transfer the case for trial to some other county for any of the reasons set forth in RCW 4.12.030.

The superior court of the county to which the action was transferred would then exercise "over the same the like jurisdiction as if it had been originally commenced therein." RCW 4.12.090. *North Bend Lbr. Co. v. Seattle* (1928), 147 Wash. 330, 266 Pac. 156; *State ex rel. Howell v. Superior Court* (1914), 82 Wash. 356, 144 Pac. 291.

---

Wash. 356, 39 P. (2d) 990; *State ex rel. Shook v. Superior Court* (1927), 141 Wash. 651, 252 Pac. 103.

[11]*State ex rel. Bugenhagen v. Superior Court* (1947), 27 Wn. (2d) 274, 177 P. (2d) 885; *State ex rel. Bartels v. Hall* (1941), 11 Wn. (2d) 58, 118 P. (2d) 430; *State ex rel. Merritt v. Superior Court* (1928), 147 Wash. 690, 267 Pac. 503; *State ex rel. Ross v. Superior Court* (1924), 132 Wash. 102, 231 Pac. 453.

However, the defendants claim that they have a statutory right to have the case tried in Lewis County; and, on the basis of a claimed denial of a statutory right, the application for a writ of certiorari was properly granted. (See cases in notes 7, 8, and 9 in addenda.)

The defendants rely on the wording of RCW 4.12.020(3), which we have set out in note 1.

■ Clearly the plaintiff, in an action for damages arising from a motor vehicle accident, has the "option of suing either in the county in which the cause of action or some part thereof arose [*i.e.*, Lewis County]," or "in the county in which" some one of the defendants resides (*i.e.*, King, that being the residence of the logging company (see RCW 4.12.025)). The defendants argue that the option given to the plaintiff relates only to the place where he commences the action, but it must, in any event, be tried in the county where the accident occurred. RCW 4.12.020(3) literally construed furnishes a basis for the argument. However, the legislature not only did a useless but a silly thing, if it gave a plaintiff an option to sue in the county where the cause of action arose or in the county where some one of the defendants resides, if it must in any event be tried in the former. This could not be the legislative intent; the right to sue a defendant in the county of his residence includes the right to have the case tried there, unless a change of venue is granted as provided in RCW 4.12.030 (see note 2).

The plaintiffs brought this action in King County; and, having exercised the option given them by RCW 4.12-.020(3), that statute has served its purpose and has no further bearing on the case. The defendants had no statutory right to have the case transferred to Lewis County for trial. Their right was to ask for a change of venue under RCW 4.12.030, which they did.

The King County Superior Court did not abuse its discretion in denying the application for a change in venue to Lewis County and in ordering a change of venue to

Pierce County for the reasons assigned; and the order granting that change is affirmed.

The plaintiffs are entitled to recover costs.

OTT, C.J., DONWORTH, FINLEY, WEAVER, ROSELLINI, HUNTER, and HAMILTON, JJ., concur.

## ADDENDA

(This does not purport to be an inclusive listing of all cases falling within the categories indicated.)

[7]CLAIMED VIOLATION OF STATUTORY RIGHTS

*Right to sue public officer for acts done in virtue of his office in county where cause of action arose.* RCW 4.12.020(2). *State ex rel. McWhorter v. Superior Court* (1920), 112 Wash. 574, 192 Pac. 903. Defendant was sued in King County for malicious prosecution in that county. Defendant moved for change of venue to county of his residence, *i.e.*, Yakima; whereupon plaintiff amended his complaint to show that defendant had prosecuted him in his capacity as an officer of the State Humane Bureau. We held that the defendant, being sued as a public officer the statute fixed the venue of the action in the county where the cause of action arose and affirmed the King County Superior Court's refusal to grant a change of venue.

*Right of a defendant to be sued in county of his residence.* RCW 4.12.025. *State ex rel. Owen v. Superior Court* (1920), 110 Wash. 49, 187 Pac. 708; *State ex rel. Martin v. Superior Court* (1917), 97 Wash. 358, 166 Pac. 630; *State ex rel. Griffith v. Superior Court* (1917), 96 Wash. 41, 164 Pac. 516.

*Right to sue corporation in any county in which it is doing business.* RCW 4.12.025. *State ex rel. Verd v. Superior Court* (1948), 31 Wn. (2d) 625, 198 P. (2d) 663. The defendant, a corporation, had its mill and registered office in Clallam County. The plaintiff brought an action in King County for damages because of the defective character of lumber furnished. The trial court was prepared to grant a change of venue to Clallam County. The plaintiff, who had a statutory right to bring the action in King County, if the corporation was doing business in that county, brought the matter to this court. We found that, on the facts as shown, the corporation was doing business in King County and held that the venue should not be changed to Clallam County.

*Right to sue under Motor Vehicle Accident Statute.* RCW 4.12.020(3). *Whitney v. Seattle* (1952), 40 Wn. (2d) 228, 242 P. (2d) 178. Collision between automobile and train is a motor vehicle accident within the purview of the statute. Plaintiff was, therefore, entitled to maintain the action in Skagit County where the collision occurred; and the Skagit County Superior Court was affirmed on its refusal to grant a change of venue to King County, although the city of Seattle was the owner and operator of the railroad.

[8]STATUTORY RIGHT CLAIMED ERRONEOUSLY

*Right claimed under Motor Vehicle Accident Statute.* RCW 4.12-

.020 (3). *State ex rel. Antonsen v. Superior Court* (1948), 29 Wn. (2d) 725, 189 P. (2d) 219. The defendant was operating a paint spraying outfit while painting a bridge in Grays Harbor County. The plaintiff's car was sprayed with paint while crossing the bridge. The plaintiff commenced his action in Grays Harbor County. The defendant's residence was Pierce County, and he was entitled to have the action brought against him in that county unless it was an action "for the recovery of damages arising from a motor vehicle accident," in which event the plaintiff could elect to sue in the county in which the cause of action arose. There was here no controverted issues of fact; it was simply an issue of law, *i.e.,* was it an action for the recovery of damages arising from a motor vehicle accident? The Grays Harbor Superior Court held that it was such an action and refused to grant the change of venue. We reviewed, on certiorari; arrived at the opposite conclusion; and ordered that the change of venue to Pierce County be granted.

*Right claimed under Public Officer Statute.* RCW 4.12.020 (2). *State ex rel. Hand v. Superior Court* (1937), 191 Wash. 98, 71 P. (2d) 24. Here there was a genuine dispute as to whether or not the defendants, who were National Guard officers, were public officers acting by virtue of their office. If they were, the acts complained of had occurred in Grays Harbor County and the plaintiff was entitled to bring his action for malicious prosecution and false arrest in that county. The defendants claimed that they were not public officers; that they resided in various counties of the state other than Grays Harbor; and that the case should be transferred to Yakima County, the residence of one of the defendants, for trial. The Superior Court of Grays Harbor County refused to grant the change of venue. On certiorari, this court (four judges) held the defendants were not public officers and were entitled to a change of venue.

⁰CASES RAISING ISSUES OF LAW

*State ex rel. Gamble v. Superior Court* (1937), 190 Wash. 127, 66 P. (2d) 1135. This case involved the right of a garnishee defendant to have the issues raised by his answer, which had been controverted by the plaintiff, determined in the county where the garnishee defendant resided (Okanogan) rather than in the county where the main action was pending, or in which the judgment had been rendered (King). The King County Superior Court denied a motion for a change of venue to Okanogan County. This court granted certiorari and directed the King County court to grant the change of venue. (We had previously decided that a garnishee defendant is entitled to have tried in the county of his residence any issue formed by the affidavit of the plaintiff controverting the answer of the garnishee defendant. *State ex rel. Stewart & Holmes Drug Co. v. Superior Court* (1912), 67 Wash. 321, 121 Pac. 460. See also *State ex rel. Wyman, Partridge & Co. v. Superior Court* (1905), 40 Wash. 443, 82 Pac. 875.)

*State ex rel. Nash v. Superior Court* (1914), 82 Wash. 614, 144 Pac. 898. Pacific County court granted a change of venue to Clark County for convenience of out-of-state witnesses who lived in Portland. This court

held that "convenience of witnesses" did not apply to out-of-state witnesses and directed that trial be held in Pacific County.

*State ex rel. Schwabacher Bros. & Co. v. Superior Court* (1911), 61 Wash. 681, 112 Pac. 927. Action on a promissory note which provided for venue of any action thereon in King County. Action commenced in King County. The King County Superior Court granted change of venue to Chelan County, on basis of that being the residence of defendant. We reversed, holding that parties could stipulate by a contract as to the venue of any action thereon.