[Nos. 36876, 36886.   Department Two.   October 3, 1963.]

LORRAINE T. BAKER, *Individually, and as Executrix, Plaintiff*, v. HELEN M. HILTON, *as Executrix, Defendant and Petitioner*, THE SUPERIOR COURT FOR PIERCE COUNTY, *Bartlett Rummel, Judge, Respondent.*

RALPH MILNE, *Plaintiff*, v. HELEN M. HILTON, *as Executrix, Defendant and Petitioner*, THE SUPERIOR COURT FOR PIERCE COUNTY, *Bartlett Rummel, Judge, Respondent.*[*]

*William F. LeVeque*, for plaintiff Baker.

*Lawrence M. Ross* (of *Griffin, Boyle & Ross*), for plaintiff Milne.

*Palmer, Willis & McArdle* and *Norbert F. Knecht*, by *Fred C. Palmer*, for defendant and petitioner.

PER CURIAM.—The defendant-relator, in the two cases above identified petitions for a writ of certiorari to review an order in each case whereby the Superior Court of Pierce County denied motions to transfer the venue of the actions to Yakima County. Both cases arise from an automobile collision occurring in Yakima County, where three other cases are pending as a result of the same accident.

The Chief Justice issued an order which provided, *inter alia*:

".   .   .   that the respondent in the above entitled actions appear before this court .   .   . and show cause why a writ of certiorari for a review of the orders of December 14, 1962 and of December 3, 1962 should not issue including consideration of the following:

"a. The availability of certiorari to review an order determining venue   .   .   .

*Reported in 385 P. (2d) 393.

---

"b. Does RCW 4.12.020[1] permit the exercise of judicial discretion in determining venue in a case involving recovery of damages arising out of an automobile accident. (See also RCW 4.12.025[2] and RCW 4.12-.030).[3]"

Subsequent to argument in this court on the order to show cause, the court filed its opinion in *Russell v. Marenakos Logging Co.*, 61 Wn. (2d) 761, 380 P. (2d) 744 (1963). It is dispositive of the issues now before us.

*Marenakos* holds (a) that appellate review of orders relating to venue may be by writ of certiorari; and that (b) RCW 4.12.030[3] permits the exercise of judicial discretion in determining venue in a case involving recovery of damages arising out of an automobile accident. See RCW 4.12.020.[1]

The clerk of this court is directed to issue writs of certiorari in the instant cases upon this opinion becoming final. Time for certification of the record and for filing briefs shall be governed by the Rules on Appeal and shall commence to run from the date of said writs.

It is so ordered.

---

[1]"Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

" . . .

"(3) For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action." RCW 4.12.020.

[2]"An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. . . ." RCW 4.12.025

[3]"The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

"(1) That the county designated in the complaint is not the proper county; or,

"(2) That there is reason to believe that an impartial trial cannot be had therein; or,

"(3) That the convenience of witnesses or the ends of justice would be forwarded by the change; or,

"(4) That from any cause the judge is disqualified; which disqualification exists in either of the following cases: In an action or proceeding to which he is a party, or in which he is interested; when he is related to either party by consanguinity or affinity, within the third degree; when he has been of counsel for either party in the action or proceeding." RCW 4.12.030.