IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| K.R.M., a minor child; and GEOFF McKINNEY and CHRISTA TOLAN, in their capacity as the parents and legal guardians of K.R.M., | ) ) ) ) ) | No. 39123-0-III |
| Respondents, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| EASTMONT SCHOOL DISTRICT NO. 206, | ) ) | |
| Petitioner. | ) | |

PENNELL, J. — We review a trial court order granting a motion to change venue from Douglas County to King County. Trial courts have broad discretion to grant venue change requests. Although reasonable minds might differ regarding the merits of the motion, we defer to the trial court's ruling. The order is therefore affirmed.

## FACTS

In the spring of 2014, nine-year-old K.R.M. was a student in the Eastmont School District (Eastmont), located in Douglas County. K.R.M. was injured while using her school's playground equipment and in 2015 her parents filed suit on her behalf (collectively K.R.M.). The suit was initiated in Douglas County Superior Court.

Starting in late 2017, various trial dates were set and then subsequently rescheduled. K.R.M. unilaterally moved for the first trial continuance, and later stipulated with Eastmont to a second continuance. On March 2, 2020, the court filed a notice scheduling trial for March 1, 2021. However, the COVID-19 pandemic upended the trial court's scheduling plans. Eastmont moved unilaterally on January 22, 2021, to continue the March 1 trial date. K.R.M. filed its own motion for continuance one week later. The court granted a continuance and set a new trial date for November 8, 2021.

On August 10, 2021, the court on its own initiative issued an order striking the November 8 trial date. The reason for the order was apparently the continuing impact of the COVID-19 pandemic and a significant backlog of criminal cases.

For the first six months of 2022, K.R.M. made multiple attempts to get the case scheduled for trial in Douglas County. Court administration repeatedly reported that civil jury trial dates were not being set.

On July 13, 2022, K.R.M. filed a motion to change venue to King County. According to a declaration filed by one of K.R.M.'s attorneys, King County Superior Court was reporting the ability to schedule civil jury trials within 10 months of a requested setting. The attorney also declared they had successfully received trial dates in King County for other cases and cited specific examples.

Eastmont opposed K.R.M.'s motion, arguing K.R.M. had not cited a valid basis for changing venue. Eastmont suggested during argument of the motion that K.R.M. was engaging in improper forum shopping. Eastmont also challenged K.R.M.'s representation that King County would be able to provide a civil jury trial date.

The trial court held a hearing on K.R.M.'s motion and ultimately granted the change in venue. The court referenced during oral argument: (1) Douglas County's significant felony case backlog, (2) the age of K.R.M.'s case, (3) the presence of two expert witnesses in King County, (4) defense counsel's presence in King County, and (5) King County's ability to conduct voir dire by Zoom, as reasons to change venue.

In November 2022, we granted Eastmont's request for discretionary review of the trial court's venue order and set this review for accelerated disposition pursuant to RAP 18.12. K.R.M. has supplemented the record on review to include an order from the King County Superior Court setting this case for trial commencing August 7, 2023.

## ANALYSIS

A trial court's change of venue decision is governed by RCW 4.12.030, of which subsection (3) of the statute permits trial courts to "change the place of trial when it appears by affidavit, or other satisfactory proof . . . [t]hat the convenience of witnesses or the ends of justice would be forwarded by the change." We review a trial court's decision

on a motion to change venue for abuse of discretion. *State v. Clark,* 143 Wn.2d 731, 756, 24 P.3d 1006 (2001).

*Basis for transfer*

Eastmont argues the trial court lacked a legal basis for changing venue. While RCW 4.12.030(3) allows for a change of venue based on the "ends of justice," Eastmont points out that there are no published decisions recognizing a court's authority to change venue based on a county's capacity to process jury trials.

We agree with Eastmont that past cases have not addressed circumstances like the one here. Most cases applying RCW 4.12.030(3) focus on the "convenience of witnesses" aspect of the statute. *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 766, 380 P.2d 744 (1963); *Hickey v. City of Bellingham*, 90 Wn. App. 711, 719, 953 P.2d 822 (1998); *L.M. v. Hamilton*, 200 Wn. App. 535, 559, 402 P.3d 870 (2017), *aff'd*, 193 Wn.2d 113, 436 P.3d 803 (2019). As pointed out by Eastmont, the vast majority of witnesses in this case are connected to Chelan and Douglas counties. Witness convenience alone would not justify moving the case to King County.

But the lack of support from established case law does not end our analysis. The intense pressure placed on trial courts by the COVID-19 pandemic was unprecedented. Health protocols made jury trials difficult, if not impossible, in many Washington

No. 39123-0-III
*K.R.M. v. Eastmont Sch. Dist. No. 206*

counties throughout much of 2020 and 2021. Over the past 18 months, court operations have begun to normalize. But there remains a backlog of untried cases. Our Board of Judicial Administration's Court Recovery Task Force has stated that working through this backlog represents the court system's "largest unmet need." RE-IMAGINING OUR COURTS: PANDEMIC RESPONSE AND RECOVERY LEADS COURTS INTO THE FUTURE, at 23 (June 2022), https://www.courts.wa.gov/content/publicUpload/Court%20Recovery%20Task %20Force/Court%20Recovery%20Task%20Force%20Report%202022.pdf.

COVID-19's impact on the justice system has varied by county. Some jurisdictions were able to facilitate jury trials outside of regular courthouses at large venues such as fairgrounds, convention centers, and armories that allowed for social distancing. *See id.* at 21. King County was at the forefront of innovating solutions to the COVID-19 pandemic and began holding trials by the social networking platform, Zoom. *King County Court shifts to virtual trials, potentially changing future of courtrooms*, KOMO NEWS (March 3, 2021, 11:58 p.m. PST), *available at* https://komonews.com/news/local/king-county-superior-court-shifts-to-virtual-trials-chips-away-at-massive-case-backlog. As reflected in this case, King County's practice of holding Zoom trials continues to this day.

Washington courts are not limited to changing venue based on witness convenience. RCW 4.12.020(3) also allows a change of venue when necessitated by

5

"the ends of justice." The COVID-19 pandemic has forced trial courts to work creatively and collaboratively in order to meet the ends of justice. A change of venue is an option that can and should be available when a court deems it necessary to facilitate access to justice and resolution of the parties' case.

Decades ago, the Washington Supreme Court in *Russell* commented that "the mills of justice grind with equal fineness in every county of the state." 61 Wn.2d at 764-65. But *Russell* recognized that this general rule does not apply in "rare instances." *Id*. The qualified language used by the court in *Russell* provides room for a trial court to use a change of venue motion to facilitate access to justice when faced with rare circumstances, such as the impact of a global pandemic.

Contrary to Eastmont's protestations, the decision of Division Two of this court in *Hatley v. Saberhagen Holdings, Inc.* does not compel a different conclusion. 118 Wn. App. 485, 488-89, 76 P.3d 255 (2003). *Hatley* involved a defense motion to change venue in an asbestos case from Pierce County to King County. *Id*. at 487. According to the defense, "King County's asbestos litigation procedures were more thorough and included a number of concessions and compromises between the parties that are not binding in Pierce County." *Id*. *Hatley* held that King County's purportedly "sophisticated" asbestos procedures did not supply a "proper basis for a venue choice." *Id*. at 490.

Unlike *Hatley*, this case does not involve a change of venue predicated a claim of subject matter expertise. K.R.M.'s venue request was based solely on the capacity to hold a trial. Given the unprecedented pressure on the judicial system caused by the COVID-19 pandemic, the trial court had an adequate legal basis for granting K.R.M.'s motion to change venue.

*Evidence supporting transfer*

Eastmont argues that even if King County's ability to accommodate civil jury trials was a valid consideration under RCW 4.12.030(3), the record here failed to substantiate this factual claim. We disagree.

A party seeking a change of venue must justify their request "by affidavit, or other satisfactory proof." RCW 4.12.030. Here, K.R.M.'s attorney filed a declaration stating that, according to the King County Superior Court administrator's office, it would be able to schedule a civil jury trial within 10 months. The declaration also provided concrete examples of other civil jury trials that had been held in King County after the onset of COVID-19. Given counsel's sworn representations and the trial court's knowledge of its own current inability to set a civil case for a jury trial, the trial court had sufficient evidence that a change of venue to King County would facilitate the parties' interests in resolving this case by jury trial.

*Balancing prejudice*

Eastmont also argues that the trial court did not adequately weigh the prejudice that would be caused by a change of venue. Specifically, Eastmont asserts the trial court did not account for the hardship to the school district of bringing nearly all its witnesses 170 miles from Douglas County to King County in order to try the case.

The record does not support K.R.M.'s criticism of the trial court's analysis. The record on review shows the trial court understood many of the parties' witnesses resided in Chelan or Douglas counties. Nevertheless, the court concluded this hardship was outweighed by the need to schedule a trial date in the foreseeable future.

Eastmont suggests that moving the trial to King County will impair its ability to provide educational services for its students. This claim was not raised before the trial court. Nor is there any evidence in this regard in the record on review. The trial court could not abuse its discretion in failing to take into account factual claims that were not part of the record before it.

The trial court did not abuse its discretion for failing to consider the parties' competing interests.

*Adequacy of findings*

Eastmont also argues that the trial court did not adequately set forth its reasoning for transferring this action from Douglas County to King County. Eastmont likely failed to preserve this argument pursuant to RAP 2.5(a) when it declined to request revisions to the proposed order presented to the court. *See* Rep. of Proc. (Jul. 26, 2022) at 16 (Upon considering the trial court's proposed order, Eastmont's counsel stated, "[i]t's very brief. So, I tried hard to find something wrong with it, but I couldn't find anything."). Regardless, the trial court's oral statements adequately reveal the basis for its decision.

The record on review reflects that during oral argument the trial court discussed various factors for and against transfer. The court considered the location of the parties, witnesses, and counsel. The court also noted Douglas County's criminal case backlog, King County's ability to conduct voir dire via Zoom, and how long K.R.M. had been waiting to receive a trial date. Eastmont fails to cite any authority suggesting the court's weighing of these factors on the record needed to be memorialized in writing. The court's oral findings were therefore adequate.

No. 39123-0-III
*K.R.M. v. Eastmont Sch. Dist. No. 206*

*Relative fault*

Finally, Eastmont raises a waiver argument, claiming K.R.M. forfeited the right to request a change of venue by previously requesting continuances in her case. Eastmont cites no legal authority in support of this claim. Where no authority is cited, we assume none exists. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

By independently moving for a continuance in 2018, K.R.M. did not waive a request for relief based on the later unanticipated impact of the COVID-19 pandemic. Furthermore, nothing in the record suggests K.R.M. did not genuinely try to obtain a trial date in Douglas County. K.R.M. filed her lawsuit in Douglas County. After the court struck the March 2021 trial date, K.R.M. requested the court set trial in Douglas County for a date in the second half of 2021. *See* Clerk's Papers at 126 (requesting "trial some time between July 10, 2021 and December 31, 2021") After the court on its own initiative struck the November 2021 trial date, counsel for K.R.M. contacted the court administrator approximately 10 times, attempting to schedule a trial date during 2022. The record is undisputed that Douglas County was unable to accommodate a civil trial in 2022. It was only after the repeated failure to obtain a trial date from Douglas County that K.R.M.

10

filed a motion to change venue. We reject Eastmont's unsupported argument that K.R.M.

waived her right to request a change of venue.

## CONCLUSION

The order granting K.R.M.'s motion to change venue is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, A.C.J.

11